# Cunningham *v.* The State.

### Violating Prohibition Law.

(Decided March 23, 1917.   74 South. 747.)

1. **Intoxicating Liquors; Unlawful Possession.**—Under Acts 1915, p. 44, it is immaterial when, where, or under what circumstances the liquors were acquired, since the offense is in having in one's possession more than the specified amount of prohibited liquor.

2. **Same; Verdict; Reference to Good Count.**—Where the indictment contains two counts conceded to be good as charging a violation of the prohibition laws, a general verdict of guilt will be referred to one of the good counts rendering the sufficiency of the other count immaterial.

3. **Appeal and Error; Harmless Error; Instructions.**—Where the court limited the jury to the consideration of the sole question as to why defendant kept such liquor, other counts in the complaint as to the amount of such liquors were not prejudicial, as they were not considered on the trial.

4. **Intoxicating Liquors; Evidence.**—Under the evidence in this case the court properly refused to direct a verdict for defendant on counts charging that defendant sold, offered for sale, or kept for sale, or otherwise disposed of spirituous, vinous or malt liquors.

APPEAL from Gadsden City Court.

Heard before Hon. JAMES A. BILBRO.

Arthur Cunningham was convicted of violating the prohibition law, and he appeals. Affirmed.

The facts sufficiently appear. Charge 5 is as follows:

If you find from this evidence that defendant received the whisky prior to January 27, 1915, you will find defendant not guilty.

Charge 6:

If you find from this evidence that defendant had in his possession within four consecutive weeks prior to the beginning of this prosecution no more than 120 pints of malt liquor, you will find defendant not guilty under count 7 of the complaint.

ROPER & STEPHENS, for appellant.   W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BRICKEN, J.—The defendant was tried and convicted in the county court for violating the prohibition law and appealed

[Cunningham v. The State.]

to the city court of Gadsden. In the city court the solicitor filed a complaint containing several counts. The first three charged that the defendant sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors, etc. Counts 4 and 5 sought to charge a violation of the law which makes it unlawful for a person to have in his possession at one time more than one-half gallon of spirituous liquors, etc. Demurrers were confessed to counts 4 and 5, and the complaint was amended by adding counts 6 and 7, which charged, in the sixth count, that the defendant had in his possession at one time more than one-half gallon of spirituous liquors, and, in the seventh count, that he had in his possession at one time more than 60 pints in bottles of malted liquors, etc. Demurrers to counts 6 and 7 of the complaint as amended were overruled. There was a general verdict of guilty as charged in the complaint. The undisputed evidence showed that the defendant had in his house on the 22d or 23d day of February, 1915, 48 pint bottles of corn whisky, and that it was hidden behind the ceiling in the defendant's house; that the ceiling had been sawed between the studding with a flap of paper over it, making a hole large enough to pull a pint bottle through; that on the same day there was found in a small closet in the corner of the defendant's kitchen a barrel containing 95 or 100 pint bottles of Cook's Gold Blume beer, etc.

The demurrers to counts 6 and 7 raised the question of the constitutionality of section 12 of the prohibition law known as the Bonner Law (Acts 1915, p. 44), and also that said counts failed to aver that the prohibited liquors found in the possession of the defendant were received after the said law became effective.

The constitutionality of section 12, Acts 1915, p. 44 (Bonner Law), was passed upon by the Supreme Court in the case of *Southern Express Co. v. Whittle*, 194 Ala. 406, 69 South. 652, L. R. A. 1916C, 278, and the question was decided adversely to the contention of the defendant in this case. It was held in that case that section 12 of said act, making it unlawful to possess more than a specified quantity of the prohibited liquors, is a valid exercise of the police power, and does not infringe upon the constitutional guaranties as to personal or property rights which are taken as the basis of attack upon the constitutionality of the act by the defendant.—*Southern Express Co. v. Whittle, supra.*

(1) There is no merit in the second contention raised by demurrers, for it makes no difference, or under what circumstances the prohibited liquors were acquired; for the offense is in having in one's possession more than the specified amount of prohibited liquors, without regard to the time or manner or purpose of acquiring it.—Acts 1915, p. 44, § 12; *O'Rear v. State, infra,* 72 South. 505.

(2) It is contended that demurrers to counts 6 and 7 should have been sustained because said counts included a period between January 27th and February 8th in which it was not unlawful to possess or have in one's possession the designated quantity of prohibited liquors, and that these counts were defective in this particular. These counts were not subject to the demurrers as interposed; their sufficiency from this viewpoint was not raised by the demurrers. In any event the complaint as a whole contained, without dispute, three good counts; and, as before stated, the verdict of the jury was general, and will be referred to one of the good counts.—*Shelton v. State,* 143 Ala. 98, 39 South. 377.

The evidence showed that the alleged offense was committed February 22 or February 23, 1915, which was several days after the law became effective. Therefore there was no merit in the contention that the provisions of the law providing that certain facts should constitute prima facie evidence that prohibited liquors were kept for unlawful purposes was given an ex post facto operation in this case.—*Fitzpatrick v. State,* 169 Ala. 4, 53 South. 1021; *Ex parte Woodward,* 181 Ala. 97, 61 South. 295.

(3) Furthermore, it appears that the court, in its charge to the jury, limited the jury to the consideration of the sole question as to whether or not the defendant kept the prohibited liquors for sale. The tenor of the entire charge of the court was to this effect. In fact, the court expressly charged the jury that: "The only thing therefore, for your consideration, is why he kept the liquors, and his own testimony is that he kept it for his own use. And if he was keeping them for his own use because of some kidney trouble, etc., he is not violating the law."

It thus appears that no injury could have resulted to the defendant because of counts 6 and 7 of the complaint; as at no time during the entire trial was any consideration given to the charges averred in said counts.

(4) There was no error in refusing the general affirmative charge for the defendant as to counts 1, 2, and 3.

[H. C. Schrader Co. v. A. Z. Bailey Groc. Co.]

There was no error in refusing charge 5.—*O'Rear v. State, infra*, 72 South. 505; *Southern Express Co. v. Whittle*, 194 Ala. 406, 69 South. 652, L. R. A. 1916C, 278. Neither was there error in the court's refusal to give charge 6.—Authorities supra.

No error is found in the record.

Affirmed.