### ADAIR v. STATE. (7 Div. 844.)

(Court of Appeals of Alabama. March 6, 1923. Rehearing Denied April 3, 1923.)

1. Burglary ⊕⇒9(½)—Breaking and entering house essential to conviction.

There can be no conviction for burglary unless there was a breaking into and entering of the house in question.

2. Burglary ⊕⇒45—Whether there was a breaking and entering held for jury.

Evidence that witness shut a door leading to a bedroom just before eating supper, and while she was eating supper she heard a noise like the bolt of that door being turned, and defendant was found under the bed in that room, held to authorize submission to the jury of the question whether there was a breaking and entering.

3. Burglary ⊕⇒45—Whether defendant entered house with intent to steal held for jury.

Whether a defendant found under the bed of prosecuting witness entered the house with intent to steal held for the jury.

4. Criminal law ⊕⇒763, 764(1)—Requested instruction that defendant did not enter house with intent to steal held invasive of province of jury.

In a prosecution for burglary, a requested instruction that jury should not find that defendant entered the house with intent to steal held invasive of the province of the jury.

5. Criminal law ⊕⇒814(3)—Request not predicated on evidence refused.

A request not predicated on the evidence will be refused.

---

**6. Burglary 46(2)—Requested instruction relating to breaking and entering held misleading.**

A requested instruction that, if jury are not convinced beyond all reasonable doubt that a door or window was opened by defendant and he entered the house with intent to steal, the jury cannot convict him, *held* misleading.

Appeal from Circuit Court, Clay County; W. L. Longshore, Judge.

Roscoe Adair was convicted of burglary, and he appeals. Affirmed.

Charges 1, 3, and 11, refused on defendant's request, are as follows:

"(1) The court further charges the jury that, under the evidence in this case, they should not find that the defendant entered that house with intent to steal."

"(3) The jury is instructed that the evidence in this case is not sufficient for the jury to find that the defendant entered this house with intent to steal."

"(11) I charge, if you are not convinced beyond all reasonable doubt a door or window was opened by defendant, and he entered the house with intent to steal, you cannot convict the defendant."

A. L. Crumpton, of Ashland, for appellant.

To constitute the offense of burglary, there must be an unlawful breaking of and entry into the house, with the intent at the time to steal. 63 Ala. 49, 35 Am. Rep. 1; 68 Ala. 539. Entry through an open door does not constitute burglary, and, there being no proof that he entered otherwise, defendant was entitled to the general charge. 66 Ala. 281; 55 Ala. 123, 28 Am. Rep. 693; 63 Ala. 143, 35 Am. Rep. 9; 168 Fed. 785, 94 C. C. A. 181; 9 C. J. 1076. A breaking of the house must be affirmatively proven; a breaking and force are not presumed from the fact of entry. 25 Tex. App. 226, 7 S. W. 669; 13 Vict. L. 359. The intent to steal must be affirmatively proven. 2 Boyce (Del.) 12, 77 Atl. 967; 63 Ala. 143, 35 Am. Rep. 9.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

All of the charges refused to defendant were properly refused.

BRICKEN, P. J. The undisputed testimony in this case, as shown by the record, is that this defendant was found, about 9 o'clock at night, hidden under a bed in the dwelling house of one Aaron Harris, the person named in the indictment. He was indicted, tried, and convicted of the offense of burglary; the indictment charging that with intent to steal he broke into and entered the dwelling house of Aaron Harris.

The state contended that he entered the bed room through a closed door at the time when Harris and his family were at supper, and secreted himself under the bed of Mrs. Harris, where he was discovered after she had retired for the night.

The defendant insisted that in entering the room he went through an open door and secreted himself under the bed for the purpose of getting some whisky which Harris, the owner of the house, had promised him.

[1, 2] As stated, the entry by the defendant in the dwelling being without dispute, there are two material questions involved in this case. The first is how was the entry made. If made, as stated by the defendant, through an open door, the charge must fall, for no conviction can be had for burglary unless there was a breaking into and entering of the house in question. On this question the state offered testimony which tended to show that the door of the house leading from the open hall into the bedroom where the defendant was found concealed under the bed was shut by state witness Agnes Harris, the young daughter of Aaron Harris. She testified that on this particular night she was instructed by her mother to close the door, and that she did close it after the family had gone into the adjoining room for supper. She further testified that—

"While I was eating supper I heard a noise like the bolt being turned on the door, and I know it was the door leading from the hall into the bedroom, as the other doors had no locks on them."

And Mrs. Aaron Harris testified that the door leading from the open hall into the bedroom was closed when she went into the room just before eating supper to put her baby to bed, but that it was open when they went out from supper. Aaron Harris, witness for state, testified:

"That while he was eating supper he heard a noise in the bedroom where defendant was later found; and that when he finished supper he found the door leading out of the bedroom into the hall open."

We are of the opinion that the above-stated facts were sufficient to submit to the jury the question whether the defendant, in order to obtain admittance into the bedroom where he was found, opened the door in question which had been closed when the family went in to supper.

[3] The next material question was: Did the defendant enter the house with intent to steal? If he did not, the prosecution must fall. But whether he did so enter, with intent to steal, was a question solely for the determination of the jury, to be ascertained by them from a consideration of all the attendant facts and circumstances in the case.

The rulings of the court upon the testimony were without error. The fact that formerly the defendant had been allowed

daily free access to the dwelling house of Aaron Harris could shed no light on the purpose or intent with which he entered the house at the time complained of. The fact that he did so enter on that occasion, without the consent or knowledge of any member of the household, and after so entering concealed himself under a bed, are facts to be considered by the jury in determining the intent with which he entered the dwelling at that time. His explanation of why he entered the house, as testified to by him, should also be considered by the jury in their deliberations on this question. There was ample testimony in our opinion to authorize the jury in finding that the intent with which he entered the dwelling house was to steal as charged in the indictment.

[4] Charge 1, refused to defendant, was invasive of the province of the jury. The court was without authority to charge the jury that they should not find that the defendant entered the house with intent to steal. As stated, this was a question of fact for the determination of the jury, and not a question of law for the court.

Charge 2 was the affirmative charge and was properly refused.

Refused charge 3 is subject to the same criticism as refused charge 1. It was invasive of the province of the jury and was properly refused.

[5, 6] Refused charge 11 was not predicated upon the evidence in this case, and for this reason was properly refused. It was also misleading and otherwise objectionable.

We find no error in the record. Let the judgment of conviction stand affirmed.

Affirmed.