34 So.2d 179

## COX v. STATE.
### 8 Div. 627.

Court of Appeals of Alabama.
Feb. 24, 1948.

Carl A. Morring and Walter J. Eigenbrod, both of Huntsville, for appellant.

396

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was indicted for the offense of burglary in the first degree as denounced by Title 14, Sec. 85, Code 1940. The three counts in the indictment charged him with: (1) Intent to steal, (2) intent to rape, (3) intent to rape Annie Lawler.

The jury responded with a general verdict of guilt.

The pertinent facts disclosed by the record are: Mrs. Annie Lawler, an elderly lady, her niece, Mrs. Mullinax, and the latter's little son occupied a home in the rural section of Madison County. The appellant lived a distance of between one-half and three-quarters of a mile therefrom. On the night in question the occupants of the Lawler home had retired for sleep. Between the hours of 9:00 and 10:00 a person entered the house and came into Mrs. Lawler's room. His presence was first known when he caught hold of Mrs. Lawler's limb between the knee and hip. This caused the lady to awake and she immediately gave alarm to her niece who was sleeping in another room. The latter came with a flashlight, and it was then that the intruder was discovered to be the accused. He did not leave forthwith when he was commanded to do so, but on the contrary advanced toward the ladies. It was not until Mrs. Lawler threatened to get her gun that he departed through the kitchen and a door leading to the outside. He remarked just before he left, "I haven't harmed you." Both of the ladies testified at the trial that the door indicated was closed, but not locked, when they retired, and when the appellant passed out the door was open. In other words, he was not required to open the door when he left. They stated, also, that they found a pair of shoes and socks just outside the door through which the defendant made his exit from the house. The evidence is convincing that these articles belonged to the appellant. The defendant testified that he had been drinking during the afternoon and early evening of the day in question and from about 8:00 until 4:00 the morning following he had no recollection nor could he call to mind anything that transpired during this interim. He

stated that if he entered Mrs. Lawler's home he did not remember the occurence. Both of the ladies testified that the intruder did not appear intoxicated during the time they observed him in their dwelling.

Without doubt the evidence presented a jury question on this factual issue. The court, both orally and by written charges, instructed the jury clearly and fully on the law applicable thereto. Mitchell v. State, 210 Ala. 457, 98 So. 285; Brazier v. State, 25 Ala.App. 422, 147 So. 688.

When the State had rested its case in chief, appellant's counsel moved that the evidence be excluded and that the defendant be discharged. The insistence in the main, both below and here, is based on the position that the State failed to sufficiently establish by the proof the essential element of a breaking.

■ The facts we have delineated above will serve to illustrate the untenableness of this urgency. It was not incumbent upon the prosecution to prove the entrance door was locked. If ingress was made by opening a closed door, the requirement of the law in this particular was met. Adair v. State, 19 Ala.App. 174, 95 So. 827.

It is insisted, also that the State failed to establish adequate proof of "intent" to commit either of the offenses charged in the indictment.

It is to be noted that the affirmative charge was not requested as to each count of the indictment separately, but rather was in this form: "I charge you gentlemen of the jury that you must find the defendant not guilty."

■ A general verdict is referable to a good count which is sustained by sufficient proof of its averments. Wiggins v. State, 244 Ala. 246, 12 So.2d 758; Cunningham v. State, 15 Ala.App. 644, 74 So. 747.

In the absence of a request for the affirmative charge as to each count of the indictment, we have a situation not comparable to that in Jackson v. State, Ala. App., 31 So.2d 514.

■ In passing on the propriety of the refusal of the general affirmative charge in the instant case we must consider and weigh the evidence with reference to its tendency to show either an "intent to steal" or an "intent to rape." The intent entertained by the accused in entering the home in question was an inquiry to be determined solely by the jury. In making this decision they were privileged to look to all the facts and attending circumstances. We hold that the evidence warranted the court in submitting this factual issue to the jury and therefore the general affirmative charge was not due the defendant for failure of proof here. Brazier v. State, supra; Adair v. State, supra.

■ The other written charge which was refused to the defendant was substantially covered by the oral charge and other given instructions. Title 7, Sec. 273, Code 1940; Gettings v. State, 32 Ala.App. 644, 29 So.2d 677.

■ The court overruled objections to the following portion of the solicitor's argument to the jury: "I said that the second count of the indictment charges he broke in there with the intent to rape and it could be that the defendant found himself in the wrong room and he was shocked when he found Mrs. Lawler was the person instead of Mrs. Mullinax."

As indicated above, the defendant was a near neighbor to the occupants of Mrs. Lawler's home. He, of course, was acquainted with them. The statement of the attorney was not made as of a fact, but rather an assertion of a possibility. The evidence warranted the deduction.

■ The matter of the propriety of argument of attorneys in presenting the case to the jury is left largely within the enlightened discretion of the trial judge. Birmingham Electric Co. v. Mann, 226 Ala. 379, 147 So. 165.

We cannot base error upon the insistence made here.

■ What we have already written will suffice to demonstrate that we would not be authorized to disturb the action of the lower court in overruling the motion for a new trial. We are frank to admit that the facts in this case present an unusual set of circumstances. The history of human conduct is rather replete with strange and

398

extraordinary incidents. It seems that here another chapter may be added to the volume. In any event, the evidence is such that we cannot charge error to the lower court in denying the motion. Booth v. State, 247 Ala. 600, 25 So.2d 427; Freeman v. State, 30 Ala.App. 99, 1 So.2d 917.

We have responded to all questions presented by this appeal which in our opinion merit our discussion.

Both of the attorneys for the appellant were appointed by the court. We are free to express our feeling of commendation to them for the evident care, time, diligence, and study devoted to the trial of this cause and in the preparation of their brief on appeal. We are favored, also with an able brief filed by the Assistant Attorney General.

There is no prejudicial error in the record. The judgment of the court below is ordered affirmed.

Affirmed.