97 So.2d 598 .

Roscoe WAID

v.

STATE.

6 Div. 511.

Court of Appeals of Alabama.

Oct. 15, 1957.

**256**

R. G. Redden, Vernon, for appellant.

John Patterson, Atty. Gen., and Winston Huddleston, Supernumerary Circuit Sol., Wetumpka, for the State.

PRICE, Judge.

Appellant was convicted of the offense of burglary in the second degree. Title 14, Section 86, Code 1940. The indictment, in two counts, charged in count 1 that in the daytime with intent to steal he broke into and entered the dwelling house of Ernest South. Count 2 charged larceny of a collie dog of the value of sixty-five dollars.

The evidence for the State tends to show that on the morning of November 30, 1955, a dark colored Studebaker automobile, 1948 or '49 model, in which defendant and Mrs. Clonie M. Morrow were riding, stopped on the road, and defendant asked Mr. Elmer Burnett, a Commissioner of Lamar County, where he could find a puppy. Mr. Burnett replied that he didn't know, and turned to his brother, Bill Burnett, who was standing alongside the highway. Bill Burnett said that Ernest South did have some puppies, and defendant inquired as to where Mr. South lived. He was told that nobody was at home at Mr. South's, and there was only one puppy left. Defendant drove away in the direction of Mr. South's residence. Mr. Burnett made a note of the tag number of the automobile.

Mr. Ernest South's stepmother testified she lived some 250 yards from Ernest; that she saw defendant open the screen door at Ernest South's home and go into the house, remain there from three to five minutes and come out with nothing in his hands. He went behind the house toward the dog yard and came back into her view with the puppy in his arms, and drove away in the opposite direction from her home.

The State's evidence further tended to show that defendant worked for Mrs. Clonie M. Morrow in a grocery store and service station three miles from Winfield, and that he lived in the back end of the store with Mrs. Morrow.

Mr. Elmer Burnett, two policemen from Winfield, and Mr. Ernest South went to Mrs. Morrow's place of business and saw the collie puppy which belonged to Mr. South. Mrs. Morrow told them she bought the dog from a Negro in Tuscaloosa for five dollars. They also saw the Studebaker automobile bearing a Tuscaloosa license

plate in which defendant and Mrs. Morrow were riding on November 30th.

The testimony of defendant and his witnesses tended to show that on November 30, 1955, defendant was busy all day helping to clean out a well and working on the pump on the premises operated by Mrs. Morrow; that he at no time left the premises except to go into town to get parts needed for the well. The evidence for defendant further tended to show that the puppy in question was bought from a Negro who stopped at Mrs. Morrow's on December 7th to get gas. Mrs. Morrow paid five dollars for the puppy, part of which was paid in gasoline and the other in money; that the puppy remained at Mrs. Morrow's place of business and was not shut up but was seen in the store and around the premises until December 17th, when the officers and Mr. South came and took it.

 The defendant contends that he was entitled to the general affirmative charge because, although there was some proof tending to show that he entered the house, there was no evidence of an intention to steal.

In Wicks v. State, 44 Ala. 398, the court said that breaking into the house with intent to steal is the gravamen of the offense.

The question of the defendant's intent is one for the jury, to be determined by them from a consideration of all the evidence. Adair v. State, 19 Ala.App. 174, 95 So. 827; Cox v. State, 33 Ala.App. 395, 34 So.2d 179.

We are of the opinion that under the evidence adduced the court properly submitted this factual issue to the jury, and that defendant was not entitled to the general affirmative charge for failure of proof on this point.

Appellant insists that since the dog alleged to have been stolen was not taken from the dwelling house of Mr. South the State should have shown that goods, wares, merchandise or other valuable things were kept for use, sale or deposit in the building.

This insistence is without merit. To constitute burglary it is not necessary that a theft be committed. Wicks v. State, supra.

An indictment charging burglary of a dwelling house need not allege that goods, wares, merchandise, etc., were kept therein. These words apply only to the buildings or structures named in the second clause of Section 86, Code, supra. Of course, the State is only required to prove the charge as laid in the indictment.

Refused charges 2, 6, 13, 14, 15 and 16, were fairly and substantially covered by the court's oral charge.

Refused charges 1, 5, 7, 8 and 9 were properly refused. The indictment charges appellant specifically with breaking and entering with intent to steal. The charges contemplate not only breaking and entering with intent to steal, but also with the intent to commit any other felony. The charges are misleading and abstract.

Refused charges 4, 11 and 12 are misstatements of the law. Cox v. State, 33 Ala.App. 395, 34 So.2d 179.

The judgment of the trial court is affirmed.

Affirmed.