[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 518 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 519 
 ON APPLICATION FOR REHEARING
This court's opinion in this case issued on January 13, 1995, is hereby withdrawn and the following opinion is substituted therefor.
The appellant, Darrell B. Grayson, was convicted of murder made capital because it was committed during a burglary; he was sentenced to death by electrocution. This conviction and sentence was affirmed on direct appeal. Grayson v. State,479 So.2d 69 (Ala.Crim.App. 1984), affirmed, 479 So.2d 76 (Ala.),cert. denied, 474 U.S. 865, 106 S.Ct. 189, 88 L.Ed.2d 157
(1985). In 1986, the appellant filed a post-conviction petition[1]
and an evidentiary hearing was held on April 6 and 7, 1992. On January 19, 1993, the trial judge denied the appellant's petition. This appeal followed.
The appellant claims that his counsel was ineffective at trial and on appeal. In cases in which, as here, trial counsel also served as appellate counsel, claims of ineffective assistance of counsel are cognizable in a Rule 32, Ala.R.Crim.P., petition. Ex parte Besselaar, 600 So.2d 978
(Ala. 1992). In addition, the procedural bars of Rule 32 apply in all cases, "including those in which the death penalty has been imposed." State v. Tarver, 629 So.2d 14, 19
(Ala.Crim.App. 1993).
 I.
The appellant claims that the trial court erred in adopting the State's brief almost verbatim as the court's opinion and order. This claim is without merit. A review of both documents reveals that while the court did adopt much of the State's brief in its opinion and order, there are enough differences to convince us that the opinion and order represent the true findings of the court.
 " ' "[E]ven when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous." Anderson v. Bessemer City, North Carolina, 470 U.S. 564, 572, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518, 527 (1985). See also United States v. El Paso Natural Gas Co., 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964) (verbatim findings are not to be summarily rejected and will stand if supported by the evidence); Weeks v. State, 568 So.2d 864 (Ala.Cr.App. 1989), cert. denied, Weeks v. Alabama, 498 U.S. 882, 111 S.Ct. 230, 112 L.Ed.2d 184 (1990) (issue discussed in dicta); Morrison v. State, 551 So.2d 435 (Ala.Cr.App. 1989), cert. denied, 495 U.S. 911, 110 S.Ct. 1938, 109 L.Ed.2d 301 (1990) (trial court's findings of fact and conclusions of law were not clearly erroneous and adoption of findings and conclusions was proper).' "
Hallford v. State, 629 So.2d 6, 8 (Ala.Crim.App. 1992), cert.denied, ___ U.S. ___, 114 S.Ct. 1870, 128 L.Ed.2d 491 (1994) (quoting Hubbard v. State, 584 So.2d 895, 900
(Ala.Crim.App. 1991), cert. denied, 502 U.S. 1041, 112 S.Ct. 896,116 L.Ed.2d 798 (1992)).
We cannot say that the findings of the trial court were clearly erroneous.
 II.
The appellant claims he was denied the effective assistance of counsel at all phases of his trial and on appeal.
The United States Supreme Court, in Strickland v. Washington,466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), established a two-pronged test to determine whether a defendant has received ineffective assistance of counsel.
 "First, the defendant must show that counsel's performance was deficient. This requires *Page 520 
showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."
The Supreme Court went on to state that to prove prejudice
 "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."
466 U.S. at 694, 104 S.Ct. at 2068. (Emphasis added.)
 "[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."
466 U.S. at 692, 104 S.Ct. at 2067. In addition, the Court cautioned reviewing courts to avoid applying the benefits of hindsight to evaluate the decisions of counsel.
 "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. Engle v. Isaac, 456 U.S. 107, 133-134, 102 S.Ct. 1558, 1574-1575, 71 L.Ed.2d 783 (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' See Michel v. Louisiana, supra, 350 U.S. [91] at 101, 76 S.Ct. [158] at 164, [100 L.Ed. 83 (1955)]."
466 U.S. at 689, 104 S.Ct. at 2065. The Supreme Court also required the defendant to show prejudice and to show the prejudicial effect of counsel's errors.
 "[A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice.
". . . .
 "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."
466 U.S. at 693, 104 S.Ct. at 2067.
 A
The appellant claims that his counsel was ineffective in failing to challenge the racial makeup of his jury pool. In order to establish a violation of the Sixth Amendment "fair cross-section" requirement, the appellant must show:
 "(1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to the systematic exclusion of the group in the jury-selection process."
Duren v. Missouri, 439 U.S. 357, 364, 99 S.Ct. 664, 668,58 L.Ed.2d 579, 587 (1979); Dobyne v. State, 672 So.2d 1319
(Ala.Crim.App. 1994)
 " '[T]he fair cross-section requirement "ensures only a venire of randomness, one free of systematic exclusion. It does not ensure any particular venire." Note, United States v. Gelb: The Second Circuit's Disappointing Treatment of the Fair Cross-Section Guarantee, 57 Brook.L.Rev. 341, 343 n. 7 (1991). "Rather than *Page 521 
being entitled to a cross-sectional venire' " a defendant "has a right only to a fair chance, based on a random draw, of having a jury drawn from a representative panel." Comment, The Cross-Section Requirement and Jury Impartiality, 73 Cal.L.Rev. 1555, 1565 (1985). See Johnson v. State, 502 So.2d 877, 880 (Ala.Cr.App. 1987) (venire need not be " 'a perfect mirror of the community or accurately reflect the proportionate strength of every identifiable group.' ").' "
Dobyne v. State, 672 So.2d at 1329, (quoting Sistrunk v. State,630 So.2d 147, 149 (Ala.Crim.App. 1993)).
The appellant has not met the three-pronged test ofDuren and, as a result, cannot show that counsel was deficient in failing to challenge the racial makeup of the jury panel.
 B
The appellant claims that his counsel was ineffective in failing to conduct sufficient voir dire concerning jurors' extrajudicial knowledge of the case, possible bias, and prejudice. The appellant fails to show that counsel was deficient in this respect, much less "affirmatively prove" the prejudice component of the Strickland test. This claim is without merit.
 C
The appellant claims that his counsel was ineffective in failing to challenge for cause certain jurors because of alleged extrajudicial knowledge of the case. Even assuming that the deficient performance component of the test could be met, the appellant makes no showing that the prejudice prong ofStrickland would be met. The appellant states: "There is a reasonable probability that . . . jurors [with alleged extrajudicial knowledge of his case] would have been removed from the panel if they had been challenged by counsel." (Appellant's brief at 32.) This allegation does not satisfy the prejudice component of Strickland.
 D
The appellant claims that his counsel was ineffective in failing to adequately support a motion to suppress certain statements made by the appellant. The appellant argues that his counsel did not offer adequate evidence of the appellant's alcoholism in support of his motion to suppress these statements. The trial court held two separate suppression hearings on this issue and found "that Grayson's statements were voluntarily made after knowing and intelligent waivers of his constitutional rights under Miranda v. Arizona,384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)." Grayson v. State, 479 So.2d at 75.
This claim asks the court to engage in the type of hindsight review and second-guessing against which Strickland
specifically warns. The appellant has not overcome the "strong presumption" that his counsel's performance fell within "the wide range of reasonable professional assistance."466 U.S. at 689, 104 S.Ct. at 2065.
 E
The appellant next claims that his counsel was ineffective in failing to object to evidence obtained as the result of his allegedly illegal arrest and subsequent search by the police. He argues that the police lacked probable cause to arrest him and that, therefore, the evidence seized as a result of that arrest was tainted and inadmissible.
The appellant, however, fails to adequately support this claim. The evidence offered in support of his claim consists of mere citations to the trial transcript and the deposition testimony of the law enforcement officers involved in the arrest, which is inconclusive and based on events that took place approximately 11 years earlier.
"The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Rule 32.3, Ala.R.Crim.P. A review of the relevant portion of the appellant's petition reveals that he did not meet this burden. The evidence offered by the appellant is insufficient to prove any deficient performance by the appellant's counsel regarding this issue. *Page 522 
 F
The appellant claims that his counsel was ineffective in failing to move to recuse the trial judge on the basis that the trial judge was the same judge who had tried the appellant's codefendant and had sentenced him to death. He argues that the judge was thereby unable to be objective in sentencing the appellant. The only evidence offered by the appellant to support this claim is that the sentencing orders for the appellant and his codefendant, Victor Kennedy, were similar. However, his argument that the trial judge did not objectively sentence him is pure speculation; the appellant offers no factual evidence to support his claim.
 G
The appellant claims that his counsel was ineffective in failing to adequately support the appellant's application for funds to secure an expert in forensic pathology. At the time of this trial, § 15-12-21, Code of Alabama 1975, limited appointed attorneys to $1,000 in compensation for services and to 50% of that amount for expenses. In this case, the appellant's counsel applied for and received the maximum $1,000 for fees and $500 for expenses. Applying for and getting the statutory maximum amount of expenses cannot be deemed deficient performance; this claim is without merit.
 H
The appellant next contends that his counsel was ineffective for failing to object to alleged prosecutorial misconduct during the voir dire of the jury venire. The appellant argues that the prosecutor's voir dire questions improperly limited the jury's consideration of mitigating factors.
The complained of questions are as follows:
 "I would like to know if any of you believe solely because an individual has been drinking alcoholic beverages that they are less responsible for their criminal acts than otherwise? Does anybody feel that because the defendant was drinking [he was] less responsible than [he] would otherwise be?"
 "I will ask you whether or not the fact that a defendant had no prior criminal record would keep any of you from voting for the death penalty?"
 "I would ask you to consider if the defendant had an accomplice in a crime whether the fact that he had an accomplice would affect any of your ability to vote for the death penalty?"
 "And finally, I would ask you, considering the fact that the defendant was 19 at the time that a crime was committed, would that affect any of your abilities to return a death penalty?"
We cannot see how any of these questions are improper or, how they in any way eliminate consideration of, or force the jury not to find, any mitigating factors.
 "A party may not solicit a promise to return a particular verdict. Ex parte Dobard, 435 So.2d 1351
(Ala. 1983), cert. denied, 464 U.S. 1063, 104 S.Ct. 745, 79 L.Ed.2d 203 (1984). In asking [these] question[s], the prosecutor was not asking for a commitment or promise from the prospective jurors to vote for the death penalty. He was merely attempting to determine if any of the potential jurors were of a mind-set that would affect their verdict as tending to show bias or interest. The parties have a right, within the sound discretion of the trial court, to do this. Ex parte Ledbetter, 404 So.2d 731 (Ala. 1981). Furthermore, questions concerning jurors' attitudes about capital punishment are not limited to those questions that would elicit information constituting grounds of a challenge for cause. Brown v. State, 288 Ala. 684, 264 So.2d 553 (1972); Arthur v. State, 472 So.2d 650 (Ala.Crim.App. 1984); rev'd on other grounds, 472 So.2d 665 (Ala. 1985)."
Ex parte Ford, 515 So.2d 48, 52 (Ala. 1987). The appellant has failed to show any deficient performance in his attorney's performance in regard to this claim.
 I
The appellant claims that his counsel was ineffective in failing to secure the testimony of psychiatric experts for the appellant's trial. This issue was raised and addressed on appeal. The appellant's counsel applied for *Page 523 
and received the maximum amount of funds statutorily available for expert assistance. There was no deficient performance regarding this issue.
 J
The appellant claims that his counsel was ineffective in failing to adequately present evidence that the appellant lacked the requisite intent to be found guilty of murder in this case. There is no evidence to support this claim. In fact, during a deposition taken for the evidentiary hearing, the appellant's trial counsel testified that the jury asked to be reinstructed on intent and on manslaughter. While not conclusive, this evidence weighs against the appellant's claim that his counsel failed to adequately present this theory of defense. There is no evidence of deficient performance in this claim.
 K
Additionally, the appellant contends that his counsel failed to give a reasonably effective closing argument at the guilt phase of the trial. The appellant fails to offer any evidence in support of this contention and fails to overcome the presumption that his counsel rendered adequate assistance.Strickland, 466 U.S. at 690, 104 S.Ct. at 2066.
 L
The appellant also argues that his counsel was ineffective in failing to object to the trial court's refusal to reinstruct the jury when it so requested. After deliberating for some time, the jury, by written request, asked the following question:
 "Define please one [1] intent; two [2] R.E.F. verdict form number four and under number 2(A) murder; (B) — first degree burglary, (3) manslaughter and (4) [blank]."
(Appellant's brief at 58; Appellee's brief at 30.) In response to this request, the trial judge told the parties, outside the hearing of the jury:
 "Gentlemen, after due consideration it is the opinion of the Court that the Court's oral charge was adequate and the Court at this time proposes bringing the jury back into court, acknowledging their written request and informing them that the charge in the opinion of the Court was complete and they are to take the Court's oral charge along with the evidence and the testimony and arrive at a proper verdict."
(Appellee's brief at 30.) The trial judge then told the jury:
 "The Court feels that the Court's oral charge to you was complete and you are to take the Court's oral charge along with the legal evidence received by you in this case and arrive at a proper verdict.
 "The Court at this time cannot answer your questions and with those instructions the Court will ask you to retire to the jury room to again resume your deliberations."
(Appellant's brief at 59.)
The rule governing additional instructions to a jury is Rule 22.2, Ala.R.Crim.P., which provides:
 "After the jurors have retired to consider their verdict, if they request to have any testimony repeated, or if they or any party requests additional instructions, the court may recall the jurors to the courtroom and order the testimony read or give appropriate additional instructions. The court may also order other testimony read or give other instructions, so as not to give undue prominence to the particular testimony or instructions requested. Such testimony may be read or such instructions given only after notice to the parties."
"This rule is permissive, rather than mandatory as evidenced by the use of the word 'may.' " Jackson v. State, 581 So.2d 553,559 (Ala.Crim.App. 1991). Among the cases cited by the appellant in support of his argument is Deutcsh v. State,610 So.2d 1212 (Ala.Crim.App. 1992) (Montiel, J., dissenting), in which this Court reversed the trial court's judgment because of the failure of the trial court to provide additional instructions in the face of tremendous confusion on the part of the jury. We found that "[t]he singular predominate characteristic of the instructions of the trial judge and the deliberations of the jury is confusion." Deutcsh v. State, 610 So.2d at 1215. *Page 524 
In this case, there is no evidence that the jury was confused to the extent of the jury in Deutcsh. It is entirely possible that the trial court decided that addressing the limited areas of the jury's inquiry would give "undue prominence" to those areas. In this case, we cannot say that the trial court abused its discretion in refusing to reinstruct the jury.
Additionally, in our review of this case on direct appeal, we found no plain error. "A finding of no plain error is one factor to consider when assessing the performance of trial counsel." Hallford, 629 So.2d at 10.
We find no deficient performance by appellant's counsel regarding this issue.
 M
The appellant claims that his counsel was ineffective in failing to object to alleged instances of prosecutorial misconduct during closing arguments of the guilt phase of the trial. The appellant offers no evidence to support this claim; he makes only a bare allegation that his counsel was deficient. Alleged prosecutorial misconduct must be viewed " 'in the context of the entire trial and in light of any curative instructions. . . .' United States v. Reed, 887 F.2d 1398, 1402
(11th Cir. 1989), cert. denied, 493 U.S. 1080, 110 S.Ct. 1136,107 L.Ed.2d 1041 (1990)." Carroll v. State, 599 So.2d 1253,1268 (Ala.Crim.App. 1992), cert. denied, ___ U.S. ___,114 S.Ct. 1207, 127 L.Ed.2d 554 (1994). The portion of the trial transcript quoted in the appellant's brief addressing this issue does not make a sufficient showing of prosecutorial misconduct.
The appellant claims his counsel was ineffective for failing to object to the State's alleged improper attack of his theory of defense. This claim is without merit because the appellant failed to offer any evidence to support it.
The appellant argues that his counsel was ineffective for failing to object to allegedly inflammatory comments by the State. The appellant has included various quotes from the trial record in support of this claim. As stated above, we must review these comments in the context of the entire record.Carroll. The relevant portion of the trial transcript has been reviewed by this court in the context of the entire record and we find this claim to be without merit.
 N
The appellant claims that his counsel was ineffective in failing to object to his convictions on two counts of capital murder on the basis that those convictions amounted to double jeopardy. The appellant was indicted for and was convicted of murder made capital because it was committed in the course of (1) a burglary with the intent to commit robbery and (2) a burglary with the intent to commit robbery in the first degree. The appellant argues that the convictions on these two counts subjected him to double jeopardy in violation of the United States Constitution.
" 'In Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084,109 L.Ed.2d 548 (1990), the United States Supreme Court addressed the scope of the coverage of the Double Jeopardy Clause, as follows:
 " ' "The Double Jeopardy Clause embodies three protections:
 " ' " 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted). The Blockburger [v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932),] test was developed 'in the context of multiple punishments imposed in a single prosecution.' Garrett v. United States,0 471 U.S. 773, 778, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764 (1985)."
" 'Grady, 495 U.S. at 516-17, 110 S.Ct. at 2090-91,109 L.Ed.2d at 561. This Court has also held that the Double Jeopardy Clause of the Alabama Constitution, Art. I, Sec. 9, applies only in the three areas enumerated above. Ex parte Wright,477 So.2d 492 (Ala. 1985).' " *Page 525 Hunt v. State, 659 So.2d 933, 959 (Ala.Crim.App. 1994) (quoting Ex parte McWilliams, 640 So.2d 1015 (Ala. 1993)).
In this case, the appellant was not prosecuted for the same offense after having been acquitted or convicted of that offense. He was given one death sentence and can be put to death just once. " '[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.' Missouri v. Hunter,459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983)."Hunt v. State, 659 So.2d at 959.
The trial court did not prescribe a greater punishment than the legislature intended. If, in this case, one conviction was dropped, as the appellant urges in his brief, the death penalty could still be properly imposed.
The appellant fails to show how he was prejudiced, underStrickland, in this claim.
 O
The appellant claims that his counsel was ineffective in allegedly failing to present any evidence in mitigation at the sentencing phase. The appellant fails to offer any evidence in support of this claim, and it is without merit.
The appellant argues that his counsel was ineffective for allegedly failing to conduct an adequate investigation in preparation for the sentencing phase of the trial because, he argues, experts and investigators could have provided mitigating evidence. The appellant's counsel testified, during a deposition in preparation for the Rule 32 hearing, as follows:
 "Q [State]: Of course, you had a horrible crime, didn't you?
 "A [counsel]: Yeah. No doubt about it. It was just very, very bad.
"Q: Very strong evidence against your client?
 "A: Very strong. As far as factual acts that occurred, in the entry into the home and the events that occurred with [the victim], but I still think that the jury was not informed as to all of the mitigating facts that could have been brought to the attention of the jury by the Defendant, because of my lack of ability to present those experts.
 "Q: Well let me ask you this: Do you think Judge Walden would have followed the jury recommendation, had they recommended a sentence of life without parole?
 "A: It's pure speculation, of course. I have no way —
 "Q: We've been speculating all morning. Just keep going.
 "A: Yeah, I don't think he would have. I think he would come back with the death penalty. He had given it consideration in [Kennedy] and rendered the death penalty. I think he would have come back with the death penalty for Grayson. . . .
". . . .
 "A: And I think he would have brought back the death penalty in this case."
(Supp.R. 721-23.)
The trial judge's sentencing order addressed the areas of mitigation that the appellant alleges were not investigated.
 " '[I]n a challenge to the imposition of a death sentence, the prejudice prong of the Strickland inquiry focuses on whether "the sentencer . . . would have concluded that the balance of aggravating and mitigating circumstances did not warrant death." '
 "Stevens v. Zant, 968 F.2d 1076, 1081 (11th Cir. 1992) (citation omitted), cert. denied, 507 U.S. 929, 113 S.Ct. 1306, 122 L.Ed.2d 695 (1993).
". . . .
 " '. . . [I]t must be determined that defendant suffered actual prejudice due to the ineffectiveness of his trial counsel before relief will be granted.'
 "Middleton v. Dugger, 849 F.2d 491, 493 (11th Cir. 1988)."
Daniels v. State, 650 So.2d 544, 569 (Ala.Crim.App. 1994).
The appellant contends that there was mitigation evidence that could have been uncovered and presented during the sentencing phase "with minimal investigation and no allocation of funds by the court." (Appellant's brief at 90.) He lists, in his brief to this court, some examples of this "undiscovered" *Page 526 
evidence. The appellant, however, presents no evidence as to the extent the investigation conducted by his counsel. There is no evidence by which we may measure the reasonableness of the investigation. The only evidence presented concerning the balance of aggravating and mitigating factors is the opinion of the appellant's counsel, above, that the trial judge would have sentenced the appellant to death even if the jury had recommended life without parole. From this evidence, we cannot say that his counsel's performance was deficient.
The appellant argues that he was prejudiced by his counsel's failure to present mitigation evidence. The appellant fails to offer evidence to support this claim and makes only a bare allegation of prejudice.
 "Under Strickland, however, a petitioner cannot 'simply allege but must "affirmatively prove" prejudice.' Celestine v. Blackburn, 750 F.2d 353, 356 (5th Cir.) (citation omitted), cert. denied, 472 U.S. 1022, 105 S.Ct. 3490, 87 L.Ed.2d 624
(1985)."
Wilkerson v. Collins, 950 F.2d 1054, 1065 (5th Cir. 1992). This claim is without merit.
 P
The appellant claims that his counsel was ineffective in failing to present an "effective" closing argument at the sentencing phase. The appellant presents no evidence in support of this claim. In reviewing the closing argument of the appellant's counsel, we cannot say that the appellant has overcome the presumption that counsel's conduct was "within the wide range of reasonable professional assistance that attaches to counsel's actions at trial." Strickland, 466 U.S. at 689,104 S.Ct. at 2065.
 Q
The appellant argues that his counsel was ineffective in failing to object to the state's allegedly improper closing argument at the penalty phase.
 " 'When an accused contends that a prosecutor has made improper comments . . ., the statements at issue must be viewed in the context of the evidence presented in the case and the entire . . . argument made to the jury.' Ex parte Musgrove, 638 So.2d 1360 (Ala. 1993)."
Allen v. State, 659 So.2d 135, 139 (Ala.Crim.App. 1994).
 "This Court has also held that statements of counsel in argument to the jury must be viewed as in the heat of debate, and such statements are usually valued by the jury at their true worth, and are not expected to become factors in the formation of the verdict. Orr v. State, 462 So.2d 1013, 1016 (Ala.Cr.App. 1984); Sanders v. State, 426 So.2d 497, 509 (Ala.Cr.App. 1982)."
Henderson v. State, 583 So.2d 276, 287 (Ala.Crim.App. 1990),aff'd, 583 So.2d 305 (Ala. 1991), cert. denied, 503 U.S. 908,112 S.Ct. 1268, 117 L.Ed.2d 496 (1992).
The appellant claims that the state, during closing arguments at the sentencing phase, trivialized the mitigating factors and argued that these mitigating factors should not influence the jury's decision regarding whether to impose the death penalty.
The appellant has mischaracterized these statements by the state. The statement objected to is: "On the one hand we have the defendant's mitigating circumstances, and these are statutory. That's in the Code book, a given." (Supp.R. 24.) The appellant argues that the state was telling the jurors they could not consider nonstatutory mitigating factors. Considering the argument in its proper context, the State merely pointed out that these factors are statutory. At no time did the state ever tell the jury that it should not consider nonstatutory mitigating factors.
The appellant also contends that the State improperly argued that the mitigating factors shown by the appellant were irrelevant because they did not exonerate the appellant. The pages in the record the appellant cites us to say no such thing. The State's argument was that the existence of mitigating factors, alone, does not exonerate the appellant. This is a correct statement of the law, because mitigating factors are weighed only to determine whether a particular capital murder defendant receives life imprisonment without parole or death. Guilt has already been decided. *Page 527 
The state also reminded the jurors of their answers at voir dire concerning their ability to impose the death sentence in spite of the statutory mitigating factors. This reminder was in the context of explaining the balancing of the aggravating and mitigating factors in reaching a verdict and this was not improper argument.
 R
The appellant claims that his counsel was ineffective in failing to object to the State's allegedly improper extrajudicial comments during the sentencing phase.
The appellant contends that during its sentencing phase argument the State told the jury that it would not be enforcing the law if it did not impose the death penalty. Examining the comment in the context of the entire argument, we conclude that this contention is erroneous. The State's comment was an appeal for law enforcement based on the aggravating and mitigating factors presented.
 " 'In Alabama, the rule is that a district attorney in closing argument may make a general appeal for law enforcement. Embrey v. State, 283 Ala. 110, 118, 214 So.2d 567 (1968).
 " 'This line of argument is "within the latitude allowed prosecutors in their exhortations to the jury to discharge their duties in such a manner as, not only to punish crime, but to protect the public from like offenses and as an example to deter others from committing like offenses." Varner v. State, 418 So.2d 961 (Ala.Cr.App. 1982); Cook v. State, 369 So.2d 1243 (Ala.Cr.App. 1977), affirmed in part, reversed in part on other grounds, 369 So.2d 1251 (Ala. 1978). . . .' "
Kuenzel v. State, 577 So.2d 474, 503 (Ala.Crim.App. 1990),aff'd, 577 So.2d 531 (Ala.), cert. denied, 502 U.S. 886,112 S.Ct. 242, 116 L.Ed.2d 197 (1991) (quoting Ex parte Waldrop,459 So.2d 959, 962 (Ala. 1984)).
The appellant also complains that the State's comment that only the victim — and not the jury — could forgive the appellant rendered this proceeding fundamentally unfair and that his counsel was ineffective for failing to object to this argument.
 "The North Carolina Supreme Court recently dealt with a similar issue. The following was included in the prosecutor's closing argument in the sentencing phase:
 " 'Jesus says in the Lord's prayer, "Forgive us our trespasses as we forgive those who trespass against us," but you have no right under the law. And you may forgive trespasses in your personal life, you may forgive those trespasses, but you have no right as a sworn juror in the State of North Carolina to forgive the trespasses against the State of North Carolina. That is to have no part in your deliberations. You cannot forgive the defendant for what he did to Brenda Smith. And your verdict, be it life or be it death, should be no reflection on any sympathy or forgiveness or any religious feelings you have about this case.'
 "State v. Price, 326 N.C. 56, 388 S.E.2d 84, 101
(1990).
 "As the court stated, 'the prosecutor was plainly and properly admonishing the jurors that feelings of sympathy and forgiveness rooted in their hearts and not also in the evidence may not be permitted to affect their verdicts.' Price, 388 S.E.2d at 102. The same can be said of the prosecutor's comments in the instant case."
Henderson v. State, 583 So.2d 276, 302 (Ala.Crim.App. 1990).
The appellant claims that his counsel was ineffective in failing to object to the State's comment that sentencing the appellant to death would send a message to the community. The appellant, however, mischaracterizes the State's argument. The State's comment is a comment that law enforcement is a deterrent to crime. See Kuenzel v. State, 577 So.2d at 503-04.
The appellant claims that his counsel was ineffective for failing to object to the State's arguing facts not in evidence. It is well settled that counsel is " 'allowed wide latitude in drawing reasonable inferences from the evidence in closing arguments.' Cross v. State, 536 So.2d 155, 160
(Ala.Cr.App. 1988); *Page 528 Donahoo v. State, 505 So.2d 1067 (Ala.Cr.App. 1986)." Jones v.State, 600 So.2d 424, 425 (Ala.Crim.App. 1992). When taken in context, it is clear that the comments complained of were either inferences from the evidence or were arguments relating to the balancing of aggravating and mitigating factors in this case. Because the comments by the State were proper, the appellant's counsel was not ineffective in failing to object to these comments.
 S
The appellant claims that his counsel was ineffective in failing to object to allegedly incomplete jury instructions regarding the following aggravating circumstance enumerated in § 13A-5-49(4), Code of Alabama 1975:
 "The capital offense was committed while the defendant was engaged or was an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit, rape, robbery, burglary, or kidnapping."
The appellant argues that the trial judge failed to instruct the jury at the sentencing phase on the elements of the aggravating circumstances of rape or kidnapping and that counsel should have objected to his failure to do so. However, there is no error here because neither a rape nor or a kidnapping was an aggravating circumstance.
 "In instructing a jury that it may consider the aggravating circumstance or circumstances defined in § 13A-5-49(4), the trial court should also give the jury the statutory definition of the underlying felony or felonies involved (rape, robbery, burglary, or kidnapping)."
Duren v. State, 507 So.2d 111, 115 (Ala.Crim.App. 1986),aff'd, 507 So.2d 121 (Ala.), cert. denied, 484 U.S. 905,108 S.Ct. 249, 98 L.Ed.2d 206 (1987). The underlying felonies listed in § 13A-5-49(4) are clearly alternatives, which may be aggravating circumstances either individually or in combination, as the facts of the case dictate.
Incredibly, the appellant next argues that it was error to instruct the jury that kidnapping could be an aggravating circumstance because there was no evidence of a kidnapping. This argument is totally without merit. The trial judge, during his sentencing phase instructions, merely read § 13A-5-49(4) to the jury. His instructions defining of the applicable underlying felonies did not include a definition of rape or kidnapping. There was no error here and the appellant's counsel was not deficient for failing to object.
 III.
The appellant claims that he was denied effective assistance of counsel on appeal. We have already addressed most of the claims in this section and will address only those not previously covered.
 A
The appellant claims that his appellate counsel was ineffective for failing to assure that the record on appeal was complete. Part of this claim concerns the closing arguments addressed above. While the arguments during the sentencing phase of the trial were not included in the record on appeal, they were included in the transcript of the Rule 32 petition. We have reviewed these arguments and do not find that there were any parts of the arguments that would constitute reversible error. The other part of his claim refers to the appellant's motion requesting the production of tapes of the appellant's statements to police. The appellant claims that the trial judge ordered the tapes played at trial and that this was not done. The appellant has failed to allege how he was prejudiced by his trial counsel's performance in this regard and we find no evidence that the counsel's performance was deficient in this regard.
 B
The appellant claims that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence as to the underlying offense of burglary. At trial, the appellant's motion for a judgment of acquittal was denied.
The appellant cites Martin v. State, 44 Ala. App. 395,210 So.2d 704 (1968), to support his contention that the state failed to *Page 529 
prove that there was a breaking, as that term was defined in the charge to the jury.
 "To constitute burglary it is essential to prove a breaking into and entering of the house in question. If a door or window be open and entry made through it this is not a breaking."
(Appellant's brief at 115.) However, the appellant omitted the rest of that paragraph from Martin:
 "The state is not required to prove the entrance door or window was locked. If entry is made by opening a closed door this is sufficient to show a breaking. Adair v. State, 19 Ala. App. 174, 95 So. 827; Cox v. State, 33 Ala. App. 395, 34 So.2d 179."
Martin v. State, 210 So.2d at 707. The trial judge, in his sentencing order, found that the appellant and his codefendant had entered the victim's house through a rear basement door.
In addition, this court reviewed the record of this case for plain error and found none. Appellate counsel's failure to raise a question of the sufficiency of the evidence to support the underlying offense of burglary does not constitute deficient performance.
 C
The appellant claims that his appellate counsel was ineffective for failing to raise on appeal the trial court's failure to consider mitigating evidence. The appellant fails to offer any evidence in support of this claim. He has made only bare assertions and cited cases without showing their relevance to his case. This claim is without merit.
 D
The appellant contends that his appellate counsel was ineffective for failing to raise on appeal the failure of the state to provide him with the tape-recordings of his statements to the police.
Rule 16.1(a)(1), Ala.R.Crim.P., provides that the prosecutor shall
 "[p]ermit the defendant to inspect and to copy any written or recorded statements made by the defendant to any law enforcement officer, official, or employee which are within the possession, custody, or control of the state/municipality, the existence of which is known to the prosecutor."
The appellant alleges that the State failed to provide him with the tape-recordings. This, however, is not a duty imposed on the state by Rule 16.1. The State must allow the defendant to inspect and to copy the tape-recordings. See Gwynne v. State,499 So.2d 802, 809 (Ala.Crim.App. 1986). The appellant does not contend that the state failed to provide him with the opportunity to inspect and copy these recordings.
In addition, the appellant argues that his counsel should have argued on appeal that the admission of transcripts of his recorded statements instead of the actual tape recordings was improper. We have held that an accurate and reliable typewritten transcript is admissible, even over an objection that it violates the best evidence rule. Jackson v. State,594 So.2d 1289, 1297 (Ala.Crim.App. 1991). The appellant does not claim that the transcript was unreliable or inaccurate.
This issue is without merit and counsel was not deficient for failing to raise this issue on appeal.
 E
The appellant claims that his appellate counsel's failure to argue that crime scene photographs should have been excluded as inflammatory and prejudicial constitutes ineffective assistance of counsel. The appellant makes this bare allegation and offers no evidence to support it. This claim is without merit.
 F
The appellant claims that counsel was ineffective for failing to argue, on appeal, that the state engaged in ex parte communications with the trial judge. The specific instances cited by the appellant occurred during the trial of the appellant's codefendant. The appellant offers no argument that any improper communication took place during his trial. This claim is without merit. *Page 530 
 G
The appellant claims that counsel was ineffective in failing to argue, on appeal, that his sentence was based on an incomplete and inaccurate presentence report. The appellant claims that the presentence report omitted numerous mitigating circumstances that the trial judge might have considered. There is no evidence in the record concerning this presentence report other than the appellant's unsupported allegation. This claim is without merit.
 IV.
The appellant claims that the evidence was insufficient to sustain a conviction for burglary. This claim is precluded by Rule 32.2(a)(2) and (a)(5), Ala.R.Crim.P., because it was raised or addressed at trial and could have been, but was not, raised on appeal.
The following claims are precluded by Rule 32.2(a)(3) and (a)(5), Ala.R.Crim.P., because they could have been, but were not, raised at trial and could have been, but were not, raised on appeal:
1. That the trial court erred in not reinstructing the jury upon request by the jury.
2. That the trial court erred in giving allegedly incomplete instructions to the jury at the sentencing phase of the trial.
3. That the trial court erred in not providing the tape-recording of the appellant's confession to his counsel and in using the transcript of the tape at trial, instead of the tape itself.
4. That the State made allegedly improper comments during voir dire.
5. That the State made allegedly improper and prejudicial arguments at the close of the guilt phase of the appellant's trial.
6. That mitigating circumstances were not considered.
7. That the appellant was denied his right to fair and unbiased sentencing by the judge.
8. That the State's closing argument at the sentencing phase was improper, prejudicial, and inflammatory.
9. That the appellant was subjected to double jeopardy in his conviction on two counts of capital murder.
10. That the appellant was subjected to a psychological examination by an "imposter" psychologist.
11. That the appellant was denied the right to a jury that represented a fair cross-section of the community.
12. That the trial court failed to excuse allegedly biased jurors for cause.
13. That the trial court erred in admitting into evidence gruesome and allegedly prejudicial photographs.
The appellant next claims that the trial court erred in not suppressing statements made to the police and physical evidence seized by the police, all as a result of the appellant's allegedly illegal arrest. The part of the claim regarding the statements is precluded by Rule 32.2(a)(2) and (a)(4), Ala.R.Crim.P., as a claim that was raised or addressed at trial and raised or addressed on appeal. The part of the claim regarding the physical evidence is precluded by Rule 32.2(a)(3) and (a)(5), Ala.R.Crim.P., as a claim that could have been, but was not, raised at trial and could have been, but was not, raised on appeal.
The following issues are precluded by Rule 32.2(a)(2) and (a)(4):
1. The trial court erred in failing to provide the appellant with mental health expert assistance.
2. The appellant's statements should have been suppressed as involuntary.
The appellant also claims that the trial court erred in not providing a forensic pathologist expert to assist in the preparation of this case. This claim is precluded by Rule 32.2(a)(4).
The appellant argues that the trial judge engaged in improper ex parte communications with the state. This issue was addressed in Part III(R) of the opinion and is without merit.
Last, the appellant claims that the trial court, during the pendency of this post-conviction proceeding, erred in ordering that the *Page 531 
state's mental health expert could examine the appellant outside the presence of counsel. This very issue was addressed in Ex parte Martin, 628 So.2d 421 (Ala. 1993):
 "Do the Alabama Rules of Criminal Procedure require that counsel be allowed to be present at [a] post-conviction, post-sentencing psychological examination? We must answer that they do not. Rule 16.2(b) states that it applies 'solely in connection with the particular offense with which the defendant is charged.' (emphasis added [in Martin]) Martin is not presently charged with an offense. He has already been tried and convicted and is pursuing a collateral attack on that conviction.
". . . .
 "Martin contends that excluding his counsel from a state-requested psychological examination would violate his federal constitutional right to counsel and other rights guaranteed under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. However, no federal constitutional right to counsel at a post-conviction proceeding has been held to exist. Riles v. McCotter, 799 F.2d 947, 954 (5th Cir. 1986); Gholson v. Estelle, 675 F.2d 734, 743 n. 10 (5th Cir. 1982); United States v. Cohen, 530 F.2d 43, 48 (5th Cir.), cert. denied, 429 U.S. 855, 97 S.Ct. 149, 50 L.Ed.2d 130 (1976); United States v. Albright, 388 F.2d 719, 726 (4th Cir. 1968)."
Martin, 628 So.2d at 422. This claim is without merit.
For the reasons stated above, the trial court's denial of the appellant's post-conviction petition is affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; RULE 39(k) MOTION DENIED; APPLICATION FOR REHEARING OVERRULED; AFFIRMED.
All the Judges concur.
[1] The petition was originally filed as a petition for the writ of error coram nobis. However, when this proceeding concluded, coram nobis relief had been replaced by post conviction relief under Rule 32, Ala.R.Crim.P. Therefore, we will refer to this petition as a Rule 32 petition.