SHORES, Justice.
The sole issue raised by this petition for writ of mandamus is whether a defendant has a right to counsel at a post-conviction, post-sentencing, psychological examination. We hold that he does not, and we deny the writ.
James L. Martin, Jr., was convicted of capital murder in February 1986 and was sentenced to death. His conviction and sentence were affirmed on appeal. Martin v. State, 548 So.2d 488 (Ala.Cr.App.1988), affirmed, 548 So.2d 496 (Ala.1989), cert. denied, 493 U.S. 970, 110 S.Ct. 419, 107 L.Ed.2d 383 (1989). Years later, Martin filed a petition under Rule 32, A.R.Crim.P., challenging his conviction and death sentence. In his petition, Martin contends that his trial attorneys gave him ineffective assistance of counsel in failing to investigate or present any expert mental health evidence at either the guilt or the sentencing phases of his capital trial.
In response to Martin’s allegations in his petition, the State filed a motion for psychological examination. In a responsive pleading, Martin asserted that under Rule 16.-2(b)(8), AR.Crim.P., he has the right to have counsel present at this examination. The circuit court held a hearing in March 1992 and granted the State’s motion for a psychological examination; the State set the psychological examination for February 16,1993, and Martin’s counsel sought to be present. The trial judge then ruled that Martin’s counsel could not be present at this post-conviction, post-sentencing psychological examination.
Martin filed this petition for a writ of mandamus, seeking an order from this Court directing the trial judge to permit counsel to be present at his evaluation. He contends that Rule 16.2(b), AR.Crim.P., provides him *422 the right to presence of counsel at a state-requested psychological examination, and he asserts that Rule 16.2 is applicable to his case because Rule 32.4, A.R.Crim.P., provides that “[p]roceedings under this rule shall be governed by the Rules of Criminal Procedure.”
Rule 16.2, A.R.Crim.P., entitled “Discovery by the State/Municipality,” provides in pertinent part as follows:
“(b) Personal Physical Evidence. Upon motion of the state/municipality and solely in connection with the particular offense with which the defendant is charged, the court shall order the defendant to:
[[Image here]]
“(8) Submit to a reasonable physical inspection or medical examination of defendant’s body, but such inspection or examination will not include a psychiatric or psychological examination, unless such psychiatric or psychological examination is authorized under the provisions of Rule 11.2(a)(1) and (2), Rule 25.4, or Rule 26.4.
“The defendant shall be entitled to the presence of counsel at the taking of such evidence. This action shall supplement and not limit any other procedures established by law.”
(Emphasis added.)
Do the Alabama Rules of Criminal Procedure require that counsel be allowed to be present at Martin’s post-conviction, post-sentencing psychological examination? We must answer that they do not. Rule 16.2(b) states that it applies “solely in connection with the particular offense with which the defendant is charged.” (Emphasis added.) Martin is not presently charged with an offense. He has already been tried and convicted and is pursuing a collateral attack on that conviction.
Here we have a post-conviction, post-sentencing psychological examination, which has been ordered by the judge at the request of the State in response to the defendant’s motion under Rule 32 and his having declared his intent to use evidence of his mental state in the hearing on his Rule 32 petition. The trial judge has the common law authority to order such an evaluation. Hunt v. State, 248 Ala. 217, 27 So.2d 186, 191 (1946). The last sentence of Rule 16.2(b) states that that rule is not to be taken as a limitation on “any other procedures established by law.” We note that even if Rule 16.2 had been applicable to Martin’s post-conviction psychological examination, it is not clear that the Rule 16.2(b) reference to counsel was intended to apply to psychological examination.
There is no Alabama law requiring counsel’s presence at a post-conviction, post-sentencing psychological examination. Our neighboring state, Florida, has enacted Florida Statute Ann. § 922.07, which allows counsel’s presence at a psychological examination to determine whether a defendant who has been sentenced to death is sane. Alabama’s similar statute, § 15-16-23, does not require the presence of counsel at a similar psychological examination.
Martin contends that excluding his counsel from a state-requested psychological examination would violates his federal constitutional right to counsel and other rights guaranteed under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. However, no federal constitutional right to counsel at a post-con-vietion proceeding has been held to exist. Riles v. McCotter, 799 F.2d 947, 954 (5th Cir.1986); Gholson v. Estelle, 675 F.2d 734, 743 n. 10 (5th Cir.1982); United States v. Cohen, 530 F.2d 43, 48 (5th Cir.), cert. denied, 429 U.S. 855, 97 S.Ct. 149, 50 L.Ed.2d 130 (1976); United States v. Albright, 388 F.2d 719, 726 (4th Cir.1968).
The presence of counsel or any third party may obstruct a psychological evaluation. An examination by a psychiatrist or psychologist is necessarily very different from other proceedings. As Justice Scalia, writing as a circuit court judge in United States v. Byers, stated, there is a reason not to have counsel present:
“Even if a psychiatric interview otherwise met one of the two theoretical tests for Sixth Amendment protection, it would be relevant to consider the pragmatic effects *423 of presence of counsel upon the process. The Sixth Amendment, like the Fifth (as we have earlier discussed), is not oblivious to practical consequences. In [United States v.] Wade, for example, the court felt constrained to note that ‘[n]o substantial countervailing policy considerations have been advanced against the requirement of the presence of counsel.’ 388 U.S. [218] at 237, 87 S.Ct. [1926] at 1937 [18 L.Ed.2d 1149 (1967) ]. That is not so here. The ‘procedural system’ of the law, which is one justification for the presence of counsel and which, by the same token, the presence of counsel brings in its train, is evidently antithetical to psychiatric examination, a process informal and unstructured by design. Even if counsel were uncharacteristically to sit silent and interpose no procedural objections or suggestions, one can scarcely imagine a successful psychiatric examination in which the subject’s eyes move back and forth between the doctor and his attorney. Nor would it help if the attorney were listening from outside the room, for the subject’s attention would still wander where his eyes could not. And the attorney’s presence in such a purely observational capacity, without ability to advise, suggest or object, would have no relationship to the Sixth Amendment’s ‘Assistance of Counsel.’”
United States v. Byers, 740 F.2d 1104, 1120 (D.C.Cir.1984).
State courts have also recognized that a third party can obstruct a psychological evaluation. In psychological examinations in which counsel has been allowed to be present in pre-trial proceedings, his or her role has been limited by many courts to that of an observer, who may not advise the defendant, make objections, or take an active role in the examination. People v. Perkins, 166 A.D.2d 737, 562 N.Y.S.2d 244, 245 (1990), appeal denied, 76 N.Y.2d 1023, 566 N.E.2d 1179, 565 N.Y.S.2d 774 (1990); State v. Hutchinson, 111 Wash.2d 872, 766 P.2d 447, 454 (1989), reconsideration denied, (1989); State v. Whitlow, 45 N.J. 3, 210 A.2d 763, 776 (1965).
For the reasons stated above, the petition for writ of mandamus must be denied.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS, HOUSTON and STEAGALL, JJ., concur.