ON APPLICATION FOR REHEARING
Our opinion of May 1, 1992, is withdrawn and the following is substituted therefor.
Jimmy Wayne Davis, who was the defendant in an earlier criminal case, petitions this Court for a writ of mandamus directing Judge Jerry L. Fielding of the Talladega Circuit Court to allow Davis to depose his former trial counsel, Hank Fannin and George Sims; and Talladega County District Attorney Robert Rumsey, who had been the chief prosecutor at the trial. We grant the petition.
This mandamus petition relates to a Rule 20, A.R.Cr.P.Temp., petition filed in the Talladega *Page 531 
Circuit Court seeking a review of Davis's conviction and sentence. Davis was convicted in the Talladega Circuit Court on January 18, 1985, of the capital offense of murder during a robbery in the first degree and was sentenced to death.
Davis seeks to overturn his conviction because, among other things, he claims his counsel was ineffective, and he says that his counsel's ineffectiveness was so prejudicial as to cause him to be convicted when he should not have been. He claims that the result would have been different if his counsel had provided him with effective assistance, citingStrickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984).
Although Judge Fielding did not allow Davis to depose Fannin, Sims, and Rumsey, he allowed the State to depose Davis concerning his claim of ineffective assistance of counsel.
Rule 20 (now superseded by Rule 32, A.R.Cr.P.) made deposition discovery available on post-conviction review. Where a defendant has been sentenced to death and contends in a post-conviction proceeding that he had ineffective assistance of counsel, and the State has been allowed to depose the defendant regarding his claim of ineffective assistance, we hold that fundamental principles of due process dictate that the defendant likewise be allowed to depose his trial counsel and the chief prosecutor before the hearing on the post-conviction petition. It is not sufficient that Fannin and Sims have met with Davis's new counsel. Davis is entitled to have their testimony by deposition placed on the record before the court hears his Rule 20 petition. The mandamus petition is therefore granted.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; WRIT GRANTED.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.