General Motors Acceptance Corporation (GMAC) petitions this Court for a writ of mandamus ordering the Honorable Charles Price of the Montgomery County Circuit Court to reinstate the original protective order, in lieu of the less restrictive modified order entered thereafter.
The attorney general served GMAC with a subpoena commanding the production of numerous documents and records pertaining to GMAC's procedures and criteria for extending credit. Included in this request were: all forms and documents used in financing new and used automobiles, including any and all data which evidences the system used for such financing; all computer software relative to financing, including any data relating to the "tier system"; all forms used to obtain and record information from customers seeking financing; lists of criteria used by employees in the financing of customers; all information relating to the financing of a particular customer; and all records of financing on two specific dates. The attorney general issued the subpoena under the authority of the Alabama Deceptive Trade Practices Act (§§ 8-19-1 through8-19-15, Ala. Code, 1975) which provides that subpoenas may issue, before any action is commenced, to aid "any investigation or inquiry into possible violations of this chapter." § 8-19-9.
A protective order was entered on March 8, 1993; among other things, it prevented the attorney general's office from sharing the documents considered in the order to be "confidential," with any expert witness who was an employee of "any General Motors or *Page 991 
GMAC Dealer, any competitor of GMAC, or any entity that offers financial services." On March 26, 1993 the court entered another protective order, which provided that confidential documents would be disclosed only to the attorney general and "expert witnesses including, but not limited to, Certified Public Accountants and Financial analysts," and provided that "[f]inancial analysts includes any entity that offers financial services that [are] not in direct competition with GMAC's automobile financing."
GMAC, thus, brought this petition for a writ of mandamus directing Judge Price to reinstate the original March 8, 1993, protective order.
GMAC correctly contends that "[m]andamus is the appropriate vehicle for testing the correctness of an order governing discovery." Ex Parte Great American Surplus Lines Ins. Co.,540 So.2d 1357, 1361 (Ala. 1989). However, the "question on appeal is whether under all the facts, the trial court abused its discretion." Id. A writ of mandamus is issued "only where petitioner shows a clear, specific legal right." Karagan v.City of Mobile, 420 So.2d 57, 59 (Ala. 1982). GMAC failed to show a clear right to the protective order as it was originally issued. GMAC has a property right in the materials subpoenaed. However, it has not shown that production of the materials under the protective order of March 26, 1993, will deprive it of this property without due process of law. GMAC insists that its trade secrets will be taken without requiring just compensation if the subpoenaed information is shown to GM or GMAC dealers, competitors, or entities that offer financial services. GMAC argues that if present or past employees of GM or GMAC see its Mechanized Application Processing System (MAPS) information, as well as the other information, its investment of several million dollars in developing these programs will be lost. The attorney general, on the other hand, asserts that GM or GMAC's past or present employees or certain types of financial analysts make up the only class of experts with the ability to understand the subpoenaed materials. Judge Price in his order attempted to balance the respective rights of the parties without injury to GMAC's property interests.
The modified protective order of March 26, 1993, provided adequate protection of GMAC's property interests in the requested information. Judge Price did not abuse his discretion by broadening the class of expert witnesses allowed the attorney general with respect to GMAC's confidential documents. Because GMAC has not shown that Judge Price abused his discretion by modifying the protective order, the petition is denied.
WRIT DENIED.
HORNSBY, C.J., and ALMON, HOUSTON and KENNEDY, JJ., concur.