*973 ON RETURN TO REMAND
MONTIEL, Judge.
On March 1, 1991, this court affirmed by unpublished memorandum the Macon Circuit Court’s denial of the appellant’s Rule 20 (now Rule 32), A.R.Crim.P., petition. On July 17, 1992, the Alabama Supreme Court reviewed this court’s judgment and affirmed that judgment in part, reversed it in part, and remanded this cause with directions. See Ex parte Williams, 651 So.2d 569 (Ala.1992). In its opinion, the Supreme Court held that the appellant’s “detailed claims” relating to ineffective assistance of counsel and newly discovered evidence were meritorious on their face and directed that the cause be remanded to the trial court so that an evidentiary hearing could be held on the appellant’s claims. On September 18, 1992, this court remanded this cause on the authority of Ex parte Williams. An evidentiary hearing was held on April 11, 1993, and the cause was resubmitted on return to remand on June 14,1993.
In its order on return to remand, the trial court stated:
“The Court conducted an evidentiary hearing on James Michael Williams’ most recent post-judgment petition for relief from judgment or sentence. During the course of the hearing, the Court granted Mr. Williams wide latitude in raising any issue he felt relevant. At the close of the hearing the Court stated that the trial transcript would be completely reviewed prior to entering any order. That review has been completed.
“After considering all of the evidence and argument presented at the above-mentioned hearing, when taken in connection with Mr. Williams’ petition and the trial transcript, the Court can find no basis for granting Mr. Williams’ petition. Accordingly, Mr. Williams’ petition is due to be and hereby is denied.”
Rule 32.9(d), A.R.Crim.P., provides that after holding an evidentiary hearing on a post-conviction petition, “[t]he court shall make specific findings of fact relating to each material issue of fact presented.” The trial court’s order on return to remand does not comply with Rule 32.9(d). Therefore, this cause is again remanded with directions that the trial court enter “specific findings of fact relating to each material issue of fact presented.” A return to remand shall be filed with this court within 56 days.
REMANDED WITH DIRECTIONS.*
All the Judges concur.

 Note from the Reporter of Decisions: On March 3, 1995, the Court of Criminal Appeals, on return to remand, affirmed without opinion; on April 14, 1995, that court denied rehearing. On May 23, 1995, the Alabama Supreme Court struck the defendant's petition for certiorari review, docket 1941177.