Life Insurance Company of Georgia (hereinafter referred to as "Life of Georgia") petitions this Court for a writ of mandamus directing the Baldwin Circuit Court to (1) vacate its order requiring Life of Georgia to produce certain internal audit documents without affording it the opportunity to assert and be heard on its objections, and (2) vacate its order compelling production of certain customer lists by Life of Georgia in response to a "pattern and practice" request for production.
 I.
In 1991, Garry Winsett and Richard Bohlken, as agents for Life of Georgia, persuaded Sharen L. Green, Sheryl Vanche, Christina Smith, Janelle S. Smith, and Priscilla Duffee (hereinafter collectively referred to as "the plaintiffs") to purchase life insurance policies. The plaintiffs claim, however, that Winsett and Bohlken represented to them, at that time, that they were enrolling in a retirement plan and did not disclose that they were, in fact, purchasing life insurance policies.
Subsequently, the plaintiffs sued Life of Georgia, Winsett, and Bohlken in the Mobile Circuit Court, alleging, among other things, breach of contract and fraud. On December 7, 1993, the plaintiffs' cases were consolidated, for discovery purposes only, and, on June 20, 1994, the action was transferred, pursuant to Life of Georgia's request, to the Baldwin Circuit Court.
During the discovery process, the plaintiffs, on January 23, 1995, requested Life of Georgia to produce any and all writings generated as a result of any internal investigations, accountings, or audits performed on the accounts of Winsett and/or Bohlken. On February 8, 1995, the plaintiffs noticed the depositions of Ronald E. Wallace and Jack Niedermayer, Life of Georgia employees who had performed an audit of Winsett's accounts after Winsett had resigned from Life of Georgia. As in the plaintiffs' deposition notice to Life of Georgia, Wallace and Niedermayer were requested to produce documents relating to the audit of Winsett's account.
On the advice of Life of Georgia's counsel, Wallace refused to answer any questions concerning the audit he had performed on Winsett's *Page 931 
accounts, claiming that the information was protected by the work-product doctrine, the attorney-client privilege, and the self-critical analysis privilege. Additionally, Wallace testified that he was not in possession of any such documents.
On February 10, 1995, the plaintiffs moved for an order to show cause, seeking to have Life of Georgia held in contempt for failing to produce the audit of Winsett's accounts at Wallace's deposition. On February 15, 1995, Life of Georgia responded, alleging, among other things, that Wallace had been deposed in his individual capacity and not as a Rule 30(b)(6), Ala.R.Civ.P., representative and that it had until February 22, 1995, to respond to the plaintiffs' request for production. On that same date, the trial court granted the plaintiffs' motion for an order to show cause and ordered Life of Georgia to produce Wallace and the audit documents for another deposition to be held within 14 days.
On February 22, 1995, Life of Georgia responded to the plaintiffs' request for production of the audit documents, asserting that the investigation of Winsett's accounts was protected by the work-product doctrine, the attorney-client privilege, and the self-critical analysis privilege. Life of Georgia sought a protective order from the trial court. Life of Georgia moved for the trial court to reconsider its order to show cause; the court denied that motion, without a hearing, on February 27, 1995.
 II.
Life of Georgia argues here that the trial court abused its discretion in issuing the order to show cause and in denying its motion for a reconsideration regarding the production of the audit documents. Specifically, Life of Georgia contends that the production was ordered prematurely and improperly through a deposition notice to Wallace, in his individual capacity, without allowing it the opportunity to assert that the audit documents were privileged and, therefore, not subject to discovery.
A party may serve on another party a request to produce designated documents that are not privileged. Rule 34(a), Ala.R.Civ.P. The party requested to produce the designated documents must serve a written response within 30 days after service of the request. Rule 34(b)(1)(B), Ala.R.Civ.P. Further, Rule 30(b)(6), Ala.R.Civ.P., recognizes that a party may in his notice, and in a subpoena, name as a deponent a public or private corporation. In that event, the corporation must "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." Rule 30(b)(6), Ala.R.Civ.P.
Pursuant to Rule 34(b)(1)(B), Ala.R.Civ.P., Life of Georgia's response to the plaintiffs' request to produce Wallace's audit of Winsett's account was due on February 22, 1995. Additionally, Wallace was noticed in his individual capacity and not as a Rule 30(b)(6) representative of Life of Georgia. Therefore, we conclude that the trial court prematurely ordered production of the audit-related documents under a deposition notice directed not to Life of Georgia but to an individual, Wallace. Moreover, the trial court did not provide Life of Georgia the opportunity to be heard on its asserted privileges or require the plaintiffs to meet the burden of Rule 26.[1]
Mandamus is a drastic and extraordinary writ, to only be issued where there is a clear legal right in the petitioner to the order sought; an imperative duty on the respondent to perform, accompanied by a refusal to do so; the lack of another adequate remedy; and properly invoked jurisdiction of the court. Ex parte Bozeman, 420 So.2d 89 (Ala. 1982). A writ of mandamus is the proper means of review to determine whether the trial court has abused its discretion in discovery matters. Exparte AMI West Alabama General Hosp., 582 So.2d 484 (Ala. 1991). However, the writ is seldom issued in regard to discovery matters, because the trial judge possesses great discretion in those matters. Ex parte AMI West Alabama GeneralHosp., supra. *Page 932 
As noted above, we hold that the trial court erred in prematurely ordering Life of Georgia to produce the audit documents without affording it an opportunity to be heard on its asserted privileges. The trial court abused its discretion in entering that order. Therefore, we conclude that Life of Georgia has demonstrated a clear legal right to be heard on its asserted privileges and to require the plaintiffs to meet the burden of Rule 26. We grant its petition for a writ of mandamus directing the trial court to vacate its discovery order to the extent that it ordered Life of Georgia to produce the documents without affording it that right.
 III.
Additionally, Life of Georgia asks that the trial court be directed to vacate its order compelling production of certain customer lists. However, on January 18, 1995, this Court denied an earlier petition for a writ of mandamus filed by Life of Georgia seeking the same relief. Accordingly, as to this request, Life of Georgia's petition is denied.
PETITION GRANTED IN PART; DENIED IN PART.
MADDOX, ALMON, HOUSTON, and INGRAM, JJ., concur.
[1] Rule 26(b)(3) provides, in pertinent part, that a party seeking discovery of materials prepared in anticipation of litigation must make a showing of "substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means."