682 So.2d 500 (1996)
Ex parte State of Alabama.
Re Robert Earl COUNCIL
v.
STATE.
1951521.
Supreme Court of Alabama.
September 27, 1996.
Jeff Sessions, Atty. Gen., and Sandra J. Stewart, Asst. Atty. Gen., for Petitioner.
No brief filed for Respondent.
ALMON, Justice.
WRIT DENIED. NO OPINION.
HOUSTON, INGRAM, and BUTTS, JJ., concur.
HOOPER, C.J., concurs specially.
HOOPER, Chief Justice (concurring specially).
I concur in the order denying certiorari review; however, I feel that the Court of Criminal Appeals has misstated this Court's holding in Ex parte Monk, 557 So.2d 832 (Ala.1989). The law with respect to a capital defendant's right to discovery needs clarification.
In its opinion in this case, Council v. State, 682 So.2d 495 (Ala.Crim.App.1996), the Court of Criminal Appeals correctly cited Monk, but then incorrectly stated that "[t]he Alabama Supreme Court in Monk established an extensive right to discovery in capital cases because of the fact that `any evidence' may be relevant to mitigating a sentence of death." 682 So.2d at 499. It is incorrect to say that Monk established an "extensive right" to discovery in capital cases. On the contrary, this Court in Monk merely held that a trial judge, in his discretionary authority, may order discovery from the prosecution beyond that required by the constitution, *501 state law, or the Rules of Criminal Procedure. In Monk, this Court held that "capital cases by their very nature are sufficiently different from other cases to justify the exercise of judicial authority to order discovery from the prosecution" that goes beyond that required by the constitution or by state law or rule. 557 So.2d at 836 (emphasis added). This principle has been reaffirmed in numerous opinions. See Kuenzel v. State, 577 So.2d 474, 520 (Ala.Crim.App.1990), aff'd, 577 So.2d 531 (Ala.), cert. denied, 502 U.S. 886, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991) (citing Ex parte Monk, 557 So.2d 832, 836-38 (Ala. 1989)); accord, Nichols v. State, 624 So.2d 1328, 1333 (Ala.Crim.App.1992); Duncan v. State, 575 So.2d 1198, 1202 (Ala.Crim.App. 1990), cert. denied, 575 So.2d 1208 (Ala.1991), rev'd on other grounds on return to remand, 612 So.2d 1304 (Ala.Crim.App.1992); Smith v. State, [Ms. CR-91-1733, March 8, 1996] ___ So.2d ___ (Ala.Crim.App.1996). While a trial court, pursuant to Monk, can, in its discretionary authority, order extensive discovery in a capital case beyond the discovery required by the constitution or by state law or rule, the defendant in a capital case does not have a right to that discovery. Monk made it clear that whether to order discovery beyond that required by the constitution or by state law or rule is discretionary with the trial court. 557 So.2d at 836.
I agree that certiorari review should be denied. However, I point out that Monk does not establish an "extensive right" to discovery for defendants in capital cases.