The petitioner, Michael Jeffrey Land, filed this petition for a writ of mandamus requesting that we direct the Honorable James H. Hard IV, circuit judge for the Tenth Judicial Circuit, to grant his discovery motion. In December 1993, Land was convicted of two counts of murder made capital because the murder of Candace Brown was committed during the commission of a burglary and a kidnapping. Land was sentenced to death by electrocution. This Court affirmed his conviction and his death sentence. Land v. State, 678 So.2d 201 (Ala.Cr.App. 1995), aff'd,678 So.2d 224 (Ala.), cert. denied, 519 U.S. 933, 117 S.Ct. 308,136 L.Ed.2d 224 (1996). In October 1997, Land filed a 57-page post-conviction petition pursuant to Rule 32, Ala.R.Crim.P., *Page 842 
attacking his conviction and sentence.[1] Land subsequently filed a lengthy discovery motion that, in essence, requested access to the complete files of the Jefferson County district attorney's office related to the case, and the complete files of all other agencies involved in the case, including the Jefferson County Sheriff's Department, the Birmingham Police Department, the Jefferson County coroner's office, the Alabama Bureau of Investigation, the Alabama Department of Forensic Sciences, and the Alabama Department of Youth Services. Judge Hard allowed Land to inspect the files in the Jefferson County district attorney's office, but did not allow discovery of any of the other files. Land moved for Judge Hard to reconsider; that motion was denied, and this petition for a writ of mandamus followed. Judge Hard stayed action on the post-conviction petition pending disposition by this Court of this mandamus petition.
Before we reach the merits of the petitioner's claim, we must determine if mandamus is the proper method by which to review Judge Hard's ruling. Mandamus has been used repeatedly to review a trial court's ruling on a discovery motion. Ex parte HealthSouth Corporation, 712 So.2d 1086
(Ala. 1997); Ex parte Compass Bank, 686 So.2d 1135 (Ala. 1996); Ex parte Life Ins. Co. of Georgia, 663 So.2d 929 (Ala. 1995); Ex parte Riggs, 423 So.2d 202 (Ala. 1982).
The Alabama Supreme Court recently in Ex parte Horton, 711 So.2d 979
(Ala. 1998), cited the standard of review for evaluating a mandamus petition concerning the denial of a discovery motion. The Court stated:
 "Trial courts are vested with broad discretion in controlling the discovery process and in making rulings pertaining to discovery matters. Ex parte Heilig-Meyers Furniture Co., 684 So.2d 1292 (Ala. 1996); Ex parte Thomas, 628 So.2d 483 (Ala. 1993). A petition for the writ of mandamus is the proper means for seeking appellate review of the question whether a trial court has abused its discretion in a discovery matter. Ex parte Heilig-Meyers Furniture Co.; Ex parte General Motors Acceptance Corp., 631 So.2d 990 (Ala. 1994). However, mandamus is a drastic and extraordinary writ that will be issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked *Page 843 
jurisdiction of the court. Ex parte United Service Stations, Inc., 628 So.2d 501 (Ala. 1993); Ex parte AmSouth Bank, N.A., 589 So.2d 715 (Ala. 1991). In sum, the writ of mandamus will not issue to compel a trial court to change its discovery order unless the appellate court determines, based on all the facts that were before the trial court, that the trial court clearly abused its discretion. Ex parte Fuller, 600 So.2d 214 (Ala. 1992); Ex parte Knox Kershaw, Inc., 562 So.2d 250 (Ala. 1990)."
711 So.2d at 983.
Land, citing Ex parte Monk, 557 So.2d 832 (Ala. 1989), argues that he is entitled to all of the information he requested, because, he says, the severity of the punishment allows a "heightened level of discovery." Land specifically argues that he "[c]annot fully investigate the possibility that the state withheld exculpatory evidence in this case without access to the above enumerated law-enforcement files," and that he cannot prove that his counsel's performance was ineffective without access to those files.
Land is correct in stating that a trial judge may order "broader discovery" when a defendant is facing the death penalty. The Alabama Supreme Court so held in Ex parte Monk, 557 So.2d 832 (Ala. 1989).
 "The capital case is `sufficiently different' from other cases, because there is no other criminal case in which the crime is murder and the possible punishment is death or life imprisonment without parole. See: § 13A-5-39 et seq. Justice Brennan explained how the Justices of the United States Supreme Court view capital cases, as follows: `When the penalty is death, we, like state court judges, are tempted to strain the evidence and even, in close cases, the law in order to give a doubtfully condemned man another chance.' Furman v. Georgia, 408 U.S. 238, 287 (1972). The hovering death penalty is the special circumstance justifying broader discovery in capital cases."
557 So.2d at 836-37. (Emphasis added.) However, Land ignores the fact that the current proceeding is a post-conviction proceeding collaterally attacking his conviction and sentence. Land has already been tried for, and convicted of, capital murder.
In Alabama, there is no constitutional right to discovery in a criminal case. Rule 19, Alabama Rules of Criminal Procedure, affords an accused, a limited right of discovery in a pending criminal action. The extent of discovery is within the discretion of the trial court. As this court stated in Mason v. State, 768 So.2d 981, 1001 (Ala.Cr.App. 1998):
 "While Monk does encourage liberal discovery in capital murder cases, it does not mandate that the state disclose to a defendant the name and address of every individual who has furnished information to the state in the investigation of a crime; rather, `Monk made it clear that whether to order discovery beyond that required by the constitution or by state law or rule is discretionary with the trial court.' Council v. State, 682 So.2d 500, 501 (Ala. 1996) (Hooper, C.J., concurring specially in denial of certiorari review)."
(Emphasis original.)
The cases cited above all concern pretrial discovery. Few Alabama cases specifically address the availability of discovery in a post-conviction proceeding. The only reference to discovery in Rule 32 appears in Rule 32.4, which states:
 "A proceeding under this rule displaces all post-trial remedies except post-trial motions under Rule 24 and appeal. Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule. Proceedings under this rule shall be governed by the Rules of Criminal Procedure, except that the trial court in its sole discretion may *Page 844 
allow the taking of depositions for discovery or for use at trial."
(Emphasis added.)
The Alabama Supreme Court in Ex parte Martin, 628 So.2d 421, 422 (Ala. 1993), addressed the applicability of Rule 16.2(b)[2] to a post-conviction proceeding and held that Rule 16.2(b) did not apply to a post-conviction proceeding because Rule 16.2(b) specifically states that it applies "solely in connection with the particular offense with which the defendant is charged." The Court further stated, "Martin is not presently charged with an offense. He has already been tried and convicted and is pursuing a collateral attack on that conviction." 628 So.2d at 422.
Rule 16 contains many other references that support the conclusion in Martin — that Rule 16 has no applicability in post- conviction proceeding. Rule 16.1(a)(2) and Rule 16.1(b)(2), in enumerating the statements that must be disclosed, provides that the prosecution must disclose those statements "which the state/municipality intends to offer in evidence at the trial." Rule 16.1(c), in listing those documents the defendant is to have access to, refers to those documents "which are material to the preparation of defendant's defense. . . ." Rule 16.3 states that a party has a continuing duty to disclose "if prior to or during trial" the party discovers or decides to use new evidence. The wording of Rule 16 clearly reflects that the application of Rule 16 to a post-conviction proceeding is severely limited.[3]
Our research has revealed one Alabama case, Ex parte Davis, 628 So.2d 530
(Ala. 1993), that discusses Rule 32.4.[4] In Davis, the Supreme Court was reviewing a petition for a writ of mandamus filed against a circuit judge who had allowed the State to depose the petitioner but who had not allowed the petitioner, who was raising a claim of ineffective assistance of counsel, to depose his former counsel and the chief district attorney who had prosecuted him. The Supreme Court stated:
 "Rule 20 (now superseded by Rule 32, A.R.Cr.P.), made deposition discovery available on post-conviction review. Where a defendant has been sentenced to death and contends in a post-conviction proceeding that he had ineffective assistance of counsel, and the State has been allowed to depose the defendant regarding his claim of ineffective assistance, we hold that fundamental principles of due process dictate that the defendant likewise be allowed to depose his trial counsel and the chief prosecutor *Page 845 
before the hearing on the post-conviction petition."
628 So.2d at 531.
A literal reading of Rule 32 reveals that there is limited discovery in post-conviction proceedings. Because there is little Alabama law on this issue, we have looked to other jurisdictions for guidance. We cite with approval the New Jersey Supreme Court, which stated in State v. Marshall,148 N.J. 89, 690 A.2d 1, cert. denied, 522 U.S. 850,118 S.Ct. 140, 139 L.Ed.2d 88 (1997):
 "As defendant concedes, our Court Rules concerning petitions for PCR [Post-Conviction Relief], see R. 3:22-1 to -12, do not contain any provision authorizing discovery in PCR proceedings. Moreover, the general discovery obligations contained in the Rules Governing Criminal Practice, see R. 3:12-2 to -4, do not extend to post-conviction proceedings. Defendant relies on Rule 3:13-3(g), which refers to parties' '[c]ontinuing [d]uty to [d]isclose' discoverable materials. However, that obligation continues only `during trial.' Thus, our Court Rules do not explicitly authorize the discovery requested by defendant in this case.
 "Similarly, defendant cannot demonstrate a constitutional basis for his asserted right to inspect the State's file. Although the Due Process Clause requires that the State provide criminal defendants with any exculpatory, material evidence in the State's possession, see Brady [v. Maryland], 373 U.S. [83,] at 87, 83 S.Ct. [1194,] at 1196-97, 10 L.E.2d [215] at 218 [(1963)], that Clause does not require the prosecutor `to deliver his entire file to defense counsel,' [United States v.] Bagley, 473 U.S. [667,] at 675, 105 S.Ct. [3375,] at 3380, 87 L.Ed.2d [481] at 489 [(1985)]; see also Weatherford v. Brusey, 429 U.S. 545, 559, 97 S.Ct. 837, 845-46, 51 L.Ed.2d 30, 42 (1977) (`There is no general constitutional right to discovery in a criminal case, and Brady did not create one. . . .'); Wardius v. Oregon, 412 U.S. 470, 474, 93 S.Ct. 2208, 2212, 37 L.Ed.2d 82, 87 (1973) ('[T]he Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded. . . .').
 "Nonetheless, our cases have recognized that, even in the absence of authorization in the form of a Court Rule or constitutional mandate, New Jersey courts have `the inherent power to order discovery when justice so requires.' . . .
 "We anticipate that only in the unusual case will a PCR court invoke its inherent right to compel discovery. In most cases, a post-conviction petitioner will be fully informed of the documentary source of the errors that he brings to the PCR court's attention. Moreover, we note that PCR `is not a device for investigating possible claims, but a means for vindicating actual claims.'
People v. Gonzalez, 51 Cal.3d 1179, 275 Cal.Rptr. 729,776, 800 P.2d 1159, 1206 (1990), cert. denied,502 U.S. 835, 112 S.Ct. 117, 116 L.Ed.2d 85 (1991). The filing of a petition for PCR is not a license to obtain unlimited information from the State, but a means through which a defendant may demonstrate to a reviewing court that he was convicted or sentenced in violation of his rights.
 "Moreover, consistent with our prior discovery jurisprudence, any PCR discovery order should be appropriately narrow and limited. '[T]here is no postconviction right to "fish" through official files for belated grounds of attack on the judgment, or to confirm mere speculation or hope that a basis for collateral relief may exist.' Gonzalez, supra, 275 Cal. Rptr. at 775, 800 P.2d at 1205; see Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir.), cert. denied, 512 U.S. 1230, 114 S.Ct. 2730, 129 L.Ed.2d 853
(1994); State v. Thomas, 236 Neb. 553, 462 N.W.2d 862, 867-68 (1990). However, where a defendant presents the PCR court with good cause to order the State to supply the defendant with discovery *Page 846 
that is relevant to the defendant's case and not privileged, the court has discretionary authority to grant relief. See Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. § 2254 Rule 6(a); [State v.] Lewis, 656 So.2d [1248,] 1250 [(Fla. 1994)]; [People ex rel. Daley v.] Fitzgerald, [123 Ill.2d 175, 183] 121 Ill. Dec. [937,] 941, 526 N.E.2d [131,] 135 [(1988)] (noting that `good cause' standard guards against potential abuse of PCR discovery process)."
State v. Marshall, 148 N.J. 89, 268-69, 690 A.2d 1, 91-92 (1997) (citations to New Jersey cases and other New Jersey authority omitted). See also Roche v. State, 690 N.E.2d 1115 (Ind. 1997) (cites Marshall for the same proposition); Darks v. State, 954 P.2d 169 (Okla.Crim.App. 1998) ("This Court has never allowed unfettered discovery in post-conviction proceedings."); Deputy v. Taylor, 19 F.3d 1485 (3d Cir.), cert. denied, 512 U.S. 1230, 114 S.Ct. 2730, 129 L.Ed.2d 853 (1994) (habeas corpus petition in federal court quoting Munoz v. Keane,777 F. Supp. 282, 287 (S.D.N.Y. 1991), aff'd, Linares v. Senkowski,964 F.2d 1295 (2d Cir.), cert. denied, 506 U.S. 986, 113 S.Ct. 494,121 L.Ed.2d 432 (1992) ("Petitioners are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence.").
There is nothing in Rule 32 or any other Rule of Criminal Procedure that allows the "unlimited" discovery the petitioner seeks in this post-conviction proceeding. As quoted above, "`There is no postconviction right to "fish" through official files for belated grounds of attack on the judgment, or to confirm mere speculation or hope that a basis for collateral relief may exist.'" Marshall, 148 N.J. at 268, 690 A.2d at 91, quoting People v. Gonzalez, 51 Cal.3d 1179, 275 Cal.Rptr. 729,776, 800 P.2d 1159, 1206 (1990), cert. denied, 502 U.S. 835,112 S.Ct. 117, 116 L.Ed.2d 85 (1991). Land is attempting to retry his case. This is evident from the statement in Land's brief that he "[c]annot fully investigate the possibility that the state withheld exculpatory evidence in this case without access to the above enumerated law- enforcement files." The purpose of a post-conviction petition is not to retry a case. Neither is a post-conviction petition a substitute for an appeal, "nor does it afford one an additional, de facto, appeal." Ex parte Williams, 651 So.2d 569, 572 (Ala.), on remand,651 So.2d 573 (Ala.Cr.App.), after remand, 659 So.2d 972
(Ala.Cr.App. 1994).
Judge Hard, a trial judge experienced in presiding over death penalty cases, stated the following in his order on the discovery motion:
 "The Jefferson County District Attorney's Office shall make available to the petitioner for inspection and copying, at his expense, any and all records which are discoverable pursuant to Rule 16.1 of the Alabama Rules of Criminal Procedure relating to the May 1992 death of Candace Brown, the investigation of Ms. Brown's death, and the arrest and prosecution of Michael Land as a result of Ms. Brown's death. With regard to any documents for which the State claims a privilege, those documents shall be produced to the Court for an in camera inspection."
Judge Hard's discovery order gives Land more than he is lawfully entitled to obtain in a post-conviction proceeding. As the United States Supreme Court stated in Pennsylvania v. Ritchie, 480 U.S. 39,59-60, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987):
 "A defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the Commonwealth's files. See United States v. Bagley, 473 U.S. [667] at 675, 105 S.Ct. [3375] at 3380 [87 L.Ed.2d 481 (1985)]; United States v. Agurs, 427 U.S. [97] at 111, 96 S.Ct. [2392] at 2401 [49 L.Ed.2d 342 (1976)]. Although the eye of an advocate may be helpful to a defendant in ferreting out information, Dennis v. United States, *Page 847 384 U.S. 855, 875, 86 S.Ct. 1840, 1851, 16 L.Ed.2d 973 (1966), this Court has never held — even in the absence of a statute restricting disclosure — that a defendant alone may make the determination as to the materiality of the information. Settled practice is to the contrary. In the typical case where a defendant makes only a general request for exculpatory material under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), it is the State that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final. Defense counsel has no constitutional right to conduct his own search of the State's files to argue relevance. See Weatherford v. Bursey, 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977) (`There is no general constitutional right to discovery in a criminal case, and Brady did not create one')."
(Footnote omitted.)
Mandamus relief "[i]s seldom issued in regard to discovery matters, because the trial judge possesses great discretion in those matters." Ex parte Life Ins. Co. of Georgia, 663 So.2d 929, 931 (Ala. 1995).
We emphasize that discovery in a post-conviction proceeding should be allowed only when "good cause" has been shown. See Marshall, supra. The extent of discovery is within the discretion of the trial court. See Monk, supra. We also agree with the State that a greater deference is due a trial court when the judge who is entertaining the discovery motion in a collateral proceeding presided over the trial.
As the Alabama Supreme Court stated in Ex parte W.Y., 605 So.2d 1175,1177 (Ala.), on remand, Ex parte V.B.N., 605 So.2d 1181 (Ala.Civ.App. 1992), "`The writ will not issue in the absence of a "clear legal right in the petitioner to the order sought.'" Ex parte Izundu, 568 So.2d 771
(Ala. 1990)." Land has established no "clear legal right" to the discovery he seeks in this post- conviction proceeding. This petition for a writ of mandamus is therefore denied.
PETITION DENIED.
McMillan, Cobb, Brown, and Baschab, JJ., concur.
[1] Land argues in his post-conviction petition (1) that his trial counsel's performance was ineffective both during the guilt and the penalty stages, (2) that the trial court erred in failing to determine his competency to stand trial, (3) that there was no probable cause to arrest him, and that, therefore, the items discovered as a result of the arrest should have been suppressed, (4) that his statements were unlawfully admitted into evidence because, he says, he invoked his right to counsel before making the statement, (5) that the warrantless search of his vehicle was unconstitutional, and therefore, the items discovered should have been suppressed, (6) that physical evidence was improperly seized from his person and should have been suppressed, (7) that the deoxyribonucleic acid (DNA) evidence should have been suppressed, (8) that the state violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215 (1963), (9) that the pretrial publicity made it impossible for him to receive a fair trial in Jefferson County, (10) that allegedly irrelevant and prejudicial evidence was received at his trial, (11) that the selection of the grand and petit juries was discriminatory, (12) that numerous items of physical evidence were admitted without a proper chain of custody, (13) that allegedly prosecutorial misconduct denied him a fair trial, (14) that he was denied his right to fully examine each veniremember, (15) that the death penalty constitutes cruel and unusual punishment, and (16) that the evidence was not sufficient to support his conviction.
Judge Hard granted the state's motion to dismiss most of the above claims because they either were raised or could have been raised on direct appeal. Judge Hard also dismissed several of the claims dealing with ineffective assistance, jury instructions, a possible Brady violation, and prosecutorial misconduct because they failed to meet the specificity requirement in Rule 32.6(b). Judge Hard allowed Land to amend his petition as to these claims.
[2] This rules states:
 "Upon motion of the state/municipality and solely in connection with the particular offense with which the defendant is charged, the court shall order the defendant to:
"(1) Appear in a line-up;
"(2) Speak for identification by witnesses;
 "(3) Be fingerprinted, palm-printed, footprinted, or voice-printed;
 "(4) Pose for photographs not involving reenactment of an event;
"(5) Try on clothing;
 "(6) Permit the taking of samples of defendant's hair, blood, saliva, urine, or other specified materials which involve no unreasonable intrusions into the body;
 "(7) Provide specimens of defendant's handwriting; or
 "(8) Submit to a reasonable physical inspection or medical examination of defendant's body, but such inspection or examination will not include a psychiatric or psychological examination, unless such psychiatric or psychological examination is authorized under the provisions of Rule 11.2(a)(1) and (2), Rule 25.4, or Rule 26.4.
 "The defendant shall be entitled to the presence of counsel at the taking of such evidence. This section shall supplement and not limit any other procedures established by law."
(Emphasis added.)
[3] Rule 32, Ala.R.Crim.P., specifically provides for deposition discovery in a post-conviction proceeding. See also Rule 16.6, Ala.R.Crim.P.
[4] This Court in Whitehead v. State, 593 So.2d 126, 130
(Ala.Cr.App. 1991), noted that Rule 32.4, "specifically authorizes the use of depositions in the sole discretion of the court."