FRY, Judge.
The appellant, Ed Franklin Harris, was convicted of trafficking in cocaine. He was sentenced on December 4, 1998, to life imprisonment upon application of the Habitual Felony Offender Act (“HFOA”).
I.
The appellant contends that the trial court’s “Allen charge,” given when the jury indicated it was deadlocked, was im-permissibly suggestive in the jury’s reaching a guilty verdict.
In Allen v. United States, 164 U.S. 492, 493, 17 S.Ct. 154, 155, 41 L.Ed. 528, 529 (1896), the United States Supreme Court held that a trial court may, within certain limits, urge a jury that has indicated that it has reached an impasse to continue to deliberate and reach a verdict.
“ ‘The general rule in Alabama has been that it is not improper for the trial court to urge upon the jury the duty of attempting to reach an agreement or verdict as long as the judge does not suggest which way the verdict should be returned.’ ” King v. State, 574 So.2d 921, 927-28 (Ala.Cr.App.1990), quoting McMorris v. State, 394 So.2d 392, 403 (Ala.Cr.App.1980), writ denied, 394 So.2d 404 (Ala.), cert. denied, 452 U.S. 972, 101 S.Ct. 3127, 69 L.Ed.2d 983 (1981). See Channell v. State, 477 So.2d 522, 531 (Ala.Cr.App.1985). An Allen charge, also known as a “dynamite charge,” is permitted if the language of the charge is not coercive or threatening. Grayson v. State, 611 So.2d 422, 425 (AIa.Cr.App.1992); King, 574 So.2d at 928.
Following approximately 1 hour and 40 minutes of deliberations, the jury communicated to the trial court that it did not think it was going to reach a verdict. (R. 278.) The trial court then instructed the jury as follows:
“It is your duty to reach a verdict if you can do so consistent with your conscience. I want you to lay aside, please, if there is any such thing in there, pride of judgment or opinion, if you will. Examine your differences. Harmonize the differences if possible. Listen to each other’s arguments. Do not — please do not adhere to an opinion through stubbornness. Consider the age of the case, the time that has been allocated to it. It *1114 is the duty of the majority to consider the view of the minority. It is also the duty of the minority to consider the views of the majority on the jury.
“A jury, as you well know, is a deliberative body. Each juror should hear the arguments of the other folks on the jury, and the impressions made on them by the evidence. When there is disparity of opinion, confer together, paying a proper respect to each other’s opinions in listening to each other’s to the end of reaching a unanimous verdict. If the majority is of one opinion, the jury can take that fact into consideration in your deliberations. Jurors dissenting from the majority should consider whether a doubt in their own mind is a reasonable one when it makes no impression upon the minds of so many other jurors equally honest, intelligent, and sincere who have heard the same evidence with the same attention and an equal desire to arrive at the truth under sanction of the same oath. So, while a minority should not, cannot, and will not be coerced by me into an agreement with the majority, a minority should seriously consider and ask themselves whether they may not reasonably and ought not to doubt the correctness of a judgment which is not concurrent by most of those with whom they are associated.”
(R. 278-79.)
In Slaton v. State, 680 So.2d 879, 899 (Ala.Cr.App.1995), this court, considering an Allen charge substantially similar to the charge given in this case, concluded that “the trial court did not suggest which way the verdict should be rendered, and the charge was not in any way coercive or threatening.” Likewise, this court finds that the Allen charge given here was not coercive or threatening.
We are not convinced that the Allen charge impermissibly suggested that the jury should reach a guilty verdict. The trial court made no indication in its charge as to whether the verdict rendered should be guilty or not guilty. Further, the trial court was without knowledge as to the number of jurors indicating they would vote for a guilty verdict versus the number of jurors who would case a vote for a not-guilty verdict. The trial court stated, before giving the Allen charge, “of course, we don’t know what the tally is back there but the latest communication was that you didn’t think you were going to reach a verdict.” (R. 277-78.) At no time did the trial court suggest that those in the minority represented the not-guilty verdict. This court finds that, contrary to the contentions of the appellant, the Allen charge did not suggest to the jury the ultimate guilt or innocence of the appellant. Thus, we find that no error occurred in the Allen charge.
II.
The appellant further contends that the imposition of a life sentence was unconstitutional. This particular issue, however, was not preserved for appellate review; therefore, we will not address this issue. In conjunction with the issue of the constitutionality of his sentence, the appellant also maintains that the sentencing procedure, pursuant to the HFOA, constituted unconstitutionally harsh punishment under the Eighth Amendment to the United States Constitution as applied. Although this court finds that this issue was never presented to the trial court and has not been properly preserved, any attempt on the part of the appellant to raise this issue would be without merit as applied to the circumstances of this case, pursuant to the applicable law and analysis below.
The HFOA and the provisions of § 13A-5-9, Ala.Code 1975, have consistently withstood challenges on the same grounds argued by the appellant. See Frazier v. State, 663 So.2d 1035 (Ala.Cr.App.1995); Malone v. State, 659 So.2d 1006 (Ala.Cr.App.1995); Flenory v. State, 588 So.2d 940 (Ala.Cr.App.1991); and Thornton v. State. 570 So.2d 762 (Ala.Cr.App.1990). Further, this court will not disturb a sentence imposed by the trial *1115 court where the sentence is within the range provided by the statute. Sinkfield v. State, 669 So.2d 1026, 1028 (Ala.Cr.App.1995). The appellant raises no issue that would provide a basis for reconsideration of the life sentence as mandated by the HFOA.
The appellant was properly sentenced.
III.
Finally, the appellant contends there was insufficient evidence for a conviction of trafficking in this case. The appellant argues that the only direct evidence presented was the testimony of a convicted felon, Will Henry Yerby. Further, the appellant argues that the confidential informant, Jimmy Dean Collier, was also a felon and that there was no direct corroboration of either felon’s testimony. Specifically, the appellant argues that the credibility of these witnesses and the reason for both testifying are suspect.
“In evaluating the sufficiency of the evidence to convict the appellant, we view the evidence in ‘the light most favorable to the state,’ as the jury may have interpreted it. McMillian v. State, 594 So.2d 1253, 1263 (Ala.Cr.App.1991).” Jenkins v. State, 627 So.2d 1034, 1040 (Ala.Cr.App.1992), aff'd, 627 So.2d 1054 (Ala.1993), cert. denied, 511 U.S. 1012, 114 S.Ct. 1388, 128 L.Ed.2d 63 (1994). Further, a defendant’s guilt may be proven by circumstantial evidence as well as by direct evidence.
“ ‘As long as the circumstantial evidence points to the guilt of the accused, it will support a conviction as strongly as direct evidence. In reviewing a conviction based on circumstantial evidence, “[t]he test to be. applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude.” ’ ”
Jenkins, 627 So.2d at 1040, quoting McMillian v. State, 594 So.2d 1253, 1263 (Ala.Cr.App.1991). In relation to the appellant’s argument that the credibility and reason for testifying should be examined, it is not within the province of this Court to reweigh the evidence. Council v. State, 682 So.2d 495, 497 (Ala.Cr.App.), cert. denied, 682 So.2d 500 (Ala.1996); Black v. State, 680 So.2d 942, 944 (Ala.Cr.App.1995). This Court will not substitute its judgment for that of the jury as to the sufficiency of the evidence to sustain a conviction. Brandon v. State, 542 So.2d 1316, 1319 (Ala.Cr.App.1989).
In Zumbado v. State, 615 So.2d 1223, 1241-42, (Ala.Cr.App.1993), this Court stated:
“ ‘[T]he weight of the evidence’ refers to .‘a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other.’ Tibbs v. Florida, 457 U.S. [31], 37-38, [102 S.Ct. 2211, 2216, 72 L.Ed.2d 652 (1982) ].... We have repeatedly held that it is not the province of this court to reweigh the evidence presented at trial.... ‘The credibility of witnesses and the weight or probative force of testimony is for the jury to judge and determine.’ Harris v. State, 513 So.2d 79, 81 (Ala.Cr.App.1987).”
(Citations omitted.)
Section 13A-12-231(2), Ala.Code 1975, states “any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine, described in § 20-2-25(1), is guilty of a felony, which felony shall be known as ‘trafficking in cocaine.’ ”
The evidence pertinent to the appellant’s conviction indicated the following. Detective Jesse Wells, of the Birmingham Police Department, met with an informant, Jimmy Dean Collier, in order to set up a purchase of cocaine. Wells proceeded to *1116 set up an undercover narcotics buy, which was to take place at the Chesterfield Motel on the day following their initial contact. Wells testified that when they saw the appellant at the motel the next day, Collier proceeded to meet with the appellant. After a brief discussion between Collier and the appellant, Collier instructed Wells to “get the scales and come with him”. (R. 115.) Wells and Collier entered room 15 of the motel. Wells then observed Henry Yerby and the appellant talking outside the motel room. According to Wells, during the conversation, the appellant “pointed to room 15 at this time.” (R. 119.) Yerby testified that the appellant asked him to carry a package to room 15. Yerby identified State’s Exhibit 1 at trial as the plastic bag with cocaine that the appellant asked him to deliver to Wells. (R. 197-98.) Wells testified that Yerby entered room 15 and “once he told me that everything was cool, he basically reached into the front of his pants and he removed a clear plastic bag containing an off-white substance.” (R. 121-22.) Once the cocaine was weighed, the arrest team moved in. At trial, the witnesses identified the appellant. The state also produced a copy of an audiotape from a wire Wells was wearing during the transaction. Additionally, John Brunner, a forensic scientist for the Alabama Department of Forensic Sciences, testified that the substance contained in State’s Exhibit 1' was 126.73 grams of cocaine.
The appellant argues that the only direct evidence produced at trial was the testimony of Henry Yerby, a convicted felon. First, as discussed above, the circumstantial evidence points to the guilt of the accused. “[C]ircumstantial evidence is entitled to the same weight as direct evidence, provided it points to the guilt of the accused.” Stephens v. State, 580 So.2d 11, 24 (Ala.Cr.App.1990), aff'd. 580 So.2d 26 (Ala.1991), cert. denied, 502 U.S. 859, 112 S.Ct. 176, 116 L.Ed.2d 138 (1991). Second, this court considers the weight of the testimony of these witnesses in light of the credibility of the witnesses and the reason for the testimony of the felons to be an issue for the jury to determine. The witnesses were questioned about prior and present convictions. The witnesses were questioned regarding their motives for testifying. The jury was aware of Collier’s role as an informant. The testimony of the felons was duly submitted to the jury. It is the role of the jury to deliberate and determine the weight and credibility of the witnesses’ testimony.
Viewing the evidence in a light most favorable to the state, we conclude there was sufficient evidence presented by the state, which, if believed by the jury, would sustain the appellant’s conviction. We find that the jury reasonably concluded that the appellant was guilty of the crime of trafficking.
IV.
Section 13A-12-231(2)(a), Ada. Code 1975, provides that the mandatory fine for trafficking in cocaine when the amount is between 28 and 500 grams is $50,000. Moreover, the Demand Reduction Assessment Act, § 13A-12-281, Ala. Code 1975, mandates an additional fine of $1,000 for first offenders and $2,000 for second and subsequent offenders for each conviction under § 13A-12-231, Ala.Code 1975. The record fails to indicate that these mandatory fines were imposed. Therefore, this case is remanded so that the trial court may impose the mandatory fines. See Smith v. State, 715 So.2d 904 (Ala.Cr.App.1997); Baker v. State, 736 So.2d 1133 (Ala.Cr.App.1998). The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings, if any, conducted by the trial court.
AFFIRMED AS TO CONVICTION AND SENTENCE; REMANDED WITH *1117 DIRECTIONS TO IMPOSE FINE. 
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.